## WOOD v. WYETH.

(Supreme Court, Appellate Division, Second Department. June 23, 1905.)

1. PHYSICIANS AND SURGEONS—NEGLIGENCE—PLEADING—THEORY OF ACTION —ELECTION.

The complaint in an action by the administratrix of an infant against a physician alleged that the infant employed defendant to attend and cure him of certain pains, and that defendant, as such physician, undertook to treat and cure such infant; that defendant was careless and negligent, in consequence of which the patient died; and further averred that defendant performed an unnecessary operation, and without asking the patient's consent, or that of his parent, or of the party in whose custody he was. *Held* to state a cause of action for negligence only, so that there was no error in compelling plaintiff to prosecute the suit as an action for negligence, rather than as an action for performing an operation without authority.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Physicians and Surgeons, § 37.]

2. SAME—EVIDENCE OF NEGLIGENCE.

In an action against a physician for malpractice plaintiff has the burden of proving negligence by a preponderance of evidence, and not beyond a reasonable doubt.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Physicians and Surgeons, §§ 39, 40.]

3. SAME—INSTRUCTIONS—HARMLESS ERROR.

Where the evidence in an action against a physician for malpractice was such as not to entitle plaintiff to recover in any event, and entitled defendant to a directed verdict, error in an instruction that plaintiff must prove the negligence beyond a reasonable doubt was not fatal error.

4. SAME—CARE REQUIRED OF PHYSICIAN.

A physician and surgeon undertaking the treatment of a patient should possess that reasonable degree of learning and skill ordinarily belonging to a physician and surgeon in the locality in which he practices, and it is his duty to use reasonable care and diligence in the exercise of his skill and the application of his learning and to act according to his best judgment.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Physicians and Surgeons, §§ 21–30.]

5. SAME—EVIDENCE.

Evidence in an action against a physician for malpractice examined, and *held* not to show defendant guilty of negligence.

Appeal from Trial Term, Queens County.

Action by Alice Wood, as administratrix of the goods, chattels, and credits of Robert Wood, deceased, against John A. Wyeth. From a judgment for defendant and an order denying a new trial, plaintiff appeals. Affirmed.

See 81 N. Y. Supp. 1148.

Argued before BARTLETT, WOODWARD. JENKS, RICH, and MILLER, JJ.

Robert Stewart, for appellant.
Samuel S. Slater, for respondent.

WILLARD BARTLETT, J. The plaintiff sues as the administratrix of Robert Wood, an infant of the age of 11 years, to recover damages against the defendant, Dr. John A. Wyeth, for having so negligently conducted himself in the surgical treatment of said infant as to cause his death. The suit was originally brought against Dr. W. H. Landon-White as well as against Dr. Wyeth, but upon the first trial the jury rendered a verdict in favor of the defendant White, and he was not a party to the second trial, which now comes up for review.

The complaint alleges that on or about the 8th day of November, 1900, the said Robert Wood employed the defendants as physicians and surgeons to attend him, and cure him of certain pains which he had in his right arm, and that the defendants as such physicians undertook faithfully, skillfully, and diligently to treat and cure said infant. Then follow allegations of careless, negligent, unskillful, and improper conduct in the treatment of said patient, in consequence of which he died; and particular averments that the defendants performed an operation on the right arm of the patient for which there was no necessity, and without asking the consent of one Agnes Evans, in whose custody he was at the time, or the consent of the patient himself, or the plaintiff, and without having the body of the patient in proper condition for the performance of the operation. There are further allegations to the effect that the defendants carelessly, improperly, and negligently administered chloroform to the patient, although the operation could have been easily and successfully done without the administration of any anæsthetic; and that the defendants administered a dangerously large dose of chloroform, and more than was necessary; and that the instruments and chloroform used by the defendants in the operation were of a poor, improper, and dangerous kind. The answer was a general denial.

At the outset of the trial the court compelled the plaintiff's counsel to elect whether he would try the case as an action for performing an operation without authority (that is to say, without the consent of the boy's parents or the person having the boy in charge when he was taken to the hospital), or whether he would prosecute the action as a suit for negligence. The counsel for the plaintiff, after excepting to the action of the court in compelling him to make such election, declared that he would proceed upon the theory set out in the complaint, which was that the defendant had been negli-

gent in the discharge of his duties. He said he would assume that the court would exclude all evidence as to whether the mother or the custodian of the child consented to the operation. To this statement the court responded in the affirmative, whereupon counsel for the plaintiff took another exception, and stated that he should not offer any evidence upon that point.

I do not think that any error was committed in thus compelling the plaintiff to try the case upon the theory of the complaint. The cause of action set out therein was clearly a cause of action for negligence, and nothing else. The express allegation in the third subdivision that the said infant Robert Wood employed the defendants as physicians and surgeons to attend him and cure him necessarily implied that a contract to that effect had been made, or had arisen by operation of law, between the parents of the infant and the doctors; and it imported also that such parental consent had been given as was necessary to authorize the doctors to do whatever might be proper in the treatment of the patient for the purpose of bringing about the desired cure. With such an averment in the complaint, it was not necessary for the defendant to prove any further consent to the operation which was performed in order to justify a surgeon in performing that operation, provided only that it was proper and necessary; so that the case under the allegation in the complaint resolved itself down to an inquiry whether or not the defendants had treated the patient with that degree of learning, skill, and care demanded by the rules of law applicable to the professional action of physicians and surgeons.

Upon the oral argument of this appeal the attention of the court was at once directed to a manifest error in the charge of the learned judge who presided at the trial. He told the jury that in a civil case the evidence to establish negligence must be just as strong as that required to establish guilt in a prosecution for manslaughter. No discussion is necessary to show that such is not the law. It is conclusively settled by authority in this state that in a civil case the plaintiff rests only under the burden of proving his case by a preponderance of evidence, and not beyond a reasonable doubt. Kurz v. Doerr, 180 N. Y. 88, 72 N. E. 926. This error would be fatal to the judgment founded upon the verdict in favor of the defendant, Wyeth, unless it appeared that under the evidence the plaintiff was not entitled to prevail in any event, and a verdict should have been directed in favor of the defendant. After a very careful examination of the record, I am convinced that such was the case. The law required that Dr. Wyeth, upon undertaking treatment of this patient, should possess that reasonable degree of learning and skill ordinarily belonging to a physician and surgeon in the locality in which he practiced, and imposed upon him the duty to use reasonable care and diligence in the exercise of his skill and the application of his learning, and to act according to his best judgment. Pike v. Honsinger, 155 N. Y. 201, 49 N. E. 760, 63 Am. St. Rep. 655. It was conceded upon the trial that there was no question as to the respondent's learning or skill; so that the only remaining questions were whether he used reasonable care and diligence

in the exercise of his skill and the application of his learning to accomplish the purpose for which he was employed, and whether he acted according to his best judgment. If he did, he was not legally responsible for the death of the boy. According to Dr. Wyeth's testimony, he found the patient suffering from blood poisoning, which was in danger of becoming general. His temperature was more than 100 degrees, and he knew positively that blood poisoning was going to get into his system. He thereupon resolved to operate upon the boy that day, to try and save him from this general blood poisoning. He then questioned the patient as to whether he had had any breakfast, and the boy responded that he had had a piece of meat and some bread. He used chloroform as an anæsthetic, instead of some other agent, because he believed it was safe, and better for the child, who presented such a bad appearance that the doctor did not intrust anybody else to administer the chloroform, but gave it himself. Unfortunately, the chloroform proved fatal, because of a condition of the patient's system described as "status lymphaticus," not discoverable by any physical examination that could have been made before death. The necessity of the operation and its propriety under the circumstances testified to by Dr. Wyeth were vouched for by Dr. Joseph D. Bryant, a distinguished surgeon of large experience, who was called as an expert witness in behalf of the defendant.

I have been unable to find enough in the proof offered by the plaintiff to justify a finding that there was any lack of professional intelligence, skill, or care on the part of the respondent, either in deciding to perform the operation or in its performance, including the administration of the chloroform. The plaintiff sought to establish such negligence by the testimony of a medical expert, Dr. Harry Enton, of Brooklyn; but neither in answer to hypothetical questions nor in any other part of his testimony does he really express the opinion that what is shown to have been done by Dr. Wyeth was contrary to the best or established practice of qualified surgeons in the treatment of such a case under similar circumstances. He did testify, it is true, that the administration of chloroform is recognized as always being accompanied by danger to a patient's life, and that it is the practice of the medical profession never to give chloroform to a patient after he has partaken of heavy food, except in an emergency; the customary practice being to keep the patient 24 hours without food before chloroform is given to him. It is to be noted, however, that the test here applicable to Dr. Wyeth's conduct is not what the patient had actually done in the way of taking food, but what the patient told Dr. Wyeth on that subject; and the boy's statement to the doctor that he had breakfasted on a piece of meat and some bread was not indicative of the fact that he had taken a heavy meal. The theory of the plaintiff's counsel, as indicated by a question to this witness, was that the boy had eaten a breakfast consisting of a quarter of a pound of pork, a quarter of a pound of ham, four slices of bread, two eggs, and a cup of coffee, only three hours before the operation; but, if this were the fact, there is no evidence in the case that Dr. Wyeth

was informed of it. The case, instead of being one of negligence, appears to be only another melancholy instance of a death upon the operating table in a charity hospital of a patient being treated with a high degree of skill and care by a surgeon of unquestioned learning. Such a death is always painful enough to the conscientious surgeon under whose care it occurs; but it cannot subject him to any legal liability, where, as in this case, there is no sufficient proof that he was derelict in the performance of his professional duty toward his patient. The judgment and order should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.