which party shall move to open "a default," but the distinction between a default, which is a failure to appear, and an appearance, must always be borne in mind.

The orders in each of these cases will be reversed, and trials ordered, with costs to the appellant to abide the event in each case, and the motion to open the default granted, upon payment of $10 costs in each case in the court below. All concur.

(53 Misc. Rep. 568)

### KERIN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.  April 10, 1907.)

CARRIERS—STREET RAILWAY—REFUSAL TO ISSUE TRANSFER—BURDEN OF PROOF.
    In an action against a street railway company for a penalty for refusing a passenger a transfer, the burden was upon plaintiff to prove his case by a preponderance of the evidence, and not beyond reasonable doubt.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by John Kerin against the New York City Railway Company. From a judgment for defendant, plaintiff appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Harcourt Bull, for appellant.

James L. Quackenbush (Henry F. Gannon, of counsel), for respondent.

GIEGERICH, J.  This action was brought to recover a penalty under the provisions of sections 39, 101, and 104 of the railroad law (Laws 1890, pp. 1096, 1113, 1114, c. 565), for an alleged refusal by the defendant to issue to the plaintiff a transfer over various of its street railway lines in the borough of Manhattan, on April 26, 1906.  The answer was a general denial.  The action was tried before a jury, and at the trial, after he had delivered his main charge, the justice was requested by the defendant's counsel to charge as follows:

"I ask your honor to charge the jury that in a penal action of this kind the laws of evidence require that the plaintiff prove his case, not by a preponderance of evidence, as in an ordinary negligence case, but beyond a doubt, as in a penal case."

And the court said, "I so charge, beyond a reasonable doubt," to which the plaintiff's counsel noted an exception.  It ought hardly be necessary to cite any authorities to show that such instruction is erroneous.  The decisions in the recent cases of Kurz v. Doerr, 180 N. Y. 88, 72 N. E. 926, 105 Am. St. Rep. 716, and Wood v. Wyeth, 106 App. Div. 21, 94 N. Y. Supp. 360, settle the rule conclusively that in a civil case the plaintiff rests only under the burden of proving his case by a preponderance of evidence, and not beyond a reasonable doubt.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.