(140 App. Div. 353.)

## BROWN v. GOFFE.

(Supreme Court, Appellate Division, First Department.   November 4, 1910.)

1. PHYSICIANS AND SURGEONS (§ 14*)—DEGREE OF SKILL.
   A physician or surgeon by taking charge of a case impliedly represents that he possesses that which the law requires him to possess—the reasonable degree of learning and skill ordinarily possessed by physicians and surgeons in the locality where he practices, and which is ordinarily regarded by those conversant with the nature of the employment to qualify him for the practice of medicine and surgery.
   [Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 21–30; Dec. Dig. § 14.*]

2. PHYSICIANS AND SURGEONS (§ 14*)—DEGREE OF CARE.
   It is the duty of a physician or surgeon, upon undertaking to treat a patient, to use reasonable care and diligence to accomplish the purpose for which he was employed, and to use his best judgment.
   [Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 21–30; Dec. Dig. § 14.*]

3. PHYSICIANS AND SURGEONS (§ 18*)—ACTION FOR NEGLIGENCE—BURDEN OF PROOF.
   In an action against a surgeon for negligence, the burden of establishing affirmatively either want of skill or negligence in the care and attention due a patient must be established by the patient.
   [Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 34–48; Dec. Dig. § 18.*]

4. PHYSICIANS AND SURGEONS (§ 18*)—ACTION FOR NEGLIGENCE—EVIDENCE—ERROR.
   In an action against a surgeon for negligence in a surgical operation, the exclusion of evidence that the defendant exercised his best judgment is reversible error.
   [Ed. Note.—For other cases, see Physicians and Surgeons, Dec. Dig. § 18.*]

5. PHYSICIANS AND SURGEONS (§ 18*)—ACTION FOR NEGLIGENCE—EVIDENCE—ERROR.
   In an action against a surgeon for negligence in a surgical operation, defendant upon a showing that it was the usual and proper practice in hospital cases to leave the care of the patient after an operation to the hospital staff, may testify in answer to a question as to what instructions he gave to the members of the hospital staff, and the exclusion of such testimony is reversible error.
   [Ed. Note.—For other cases, see Physicians and Surgeons, Dec. Dig. § 18.*]

   Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by Ella H. Brown against J. Riddle Goffe. From a judgment entered on verdict for plaintiff and from an order denying a new trial, the defendant appeals. Judgment and order reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

James T. Lewis, for appellant.
George R. Bristor, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J. The defendant appeals from a judgment entered upon a verdict, and from an order denying a motion for a new trial. The action is against a surgeon for "negligence, carelessness, and unskillfulness in conducting and performing" certain surgical operations upon the plaintiff, and the recovery is a large one. It would serve no useful purpose to review in detail the conditions which necessitated the operations and the nature of the operations themselves. It is sufficient to say that the principal operation involved the removal of certain organs which had become diseased, and that the subsequent operations were of a minor character performed for the purpose of drainage and with a view to the restoration of certain parts and tissues which had become infected. The plaintiff, a young woman of about 25 years of age, employed as a waitress in a restaurant, had been troubled for some months with a persistent disorder which failed to respond to such simple remedies as she had resorted to herself. Upon the advice of a friend, she applied for treatment to the clinic of St. Bartholomew Hospital. Here she came under the care of a Dr. Jaques, one of the attending physicians, who, after examining and re-examining her, concluded that she required surgical treatment and advised her to go to the Polyclinic Hospital and permit the defendant to treat her. She went to the hospital, engaged a room, and the next morning after her arrival saw the defendant for the first time. He at once examined her, concluded that an operation was necessary, and did operate. Later in the same day a condition arose which required a second minor operation, mainly for the purpose of drainage, and some time later a second incision was made for the same purpose. Still later, after plaintiff had sufficiently regained her strength, a fourth operation was performed, consisting of opening one of the incisions already made and securing so far as possible some of the spots found to have been weakened by the infection found upon the occasion of the first operation.

The law relating to malpractice is, as stated by Judge Vann in Pike v. Honsinger, 155 N. Y. 201, 49 N. E. 760, 63 Am. St. Rep. 655, "simple and well settled, although not always easy of application. A physician or surgeon, by taking charge of a case, impliedly represents that he possesses, and the law places upon him the duty of possessing, that reasonable degree of learning and skill that is ordinarily possessed by physicians and surgeons in a locality where he practices, and which is ordinarily regarded by those conversant with the employment as necessary to qualify him to enjoy in the business of practicing medicine and surgery." It is not contended the defendant did not possess the requisite learning, skill, and experience. Indeed, the plaintiff expressly concedes that defendant, who has practiced nearly 30 years, did possess a proper degree and standard of skill as a surgeon.

In addition to possessing the requisite skill and knowledge, it becomes the duty of a physician or surgeon, upon undertaking to treat a patient, "to use reasonable care and diligence in the exercise of his skill and the application of his learning to accomplish the purpose for which he was employed. He is under the further obligation to use his best judgment in exercising his skill and applying his knowledge."

Pike v. Honsinger, supra. The gravamen of the complaint is that defendant, while possessing the requisite skill and learning, did not use reasonable care in the exercise of his skill and the application of his knowledge.

The complaint, after alleging that the defendant performed an operation upon plaintiff, goes on to aver:

"That by reason of carelessness, negligence, and unskillfulness of defendant in conducting and performing said principal operation, and other operations which he performed on plaintiff's body at different times, occasioned and necessitated by defendant's negligence, carelessness, and unskillfulness aforesaid, she was made sick, sore," etc.

Although the complaint was limited to a charge of negligence, carelessness, and unskillfulness in conducting and performing the operations, the case was tried and submitted to the jury upon the theory that the defendant might be held liable either because he had been negligent and unskillful in conducting and performing the operations, or because he had been negligent and careless with respect to the treatment of plaintiff after the operations, which as the court charged involved separate lines of inquiry. An examination of the whole case shows very clearly either that the verdict was against the evidence, or that it rested entirely upon the charge of negligence and carelessness in the aftercare of the patient, a charge not embraced in the complaint. As to the condition of affairs which the defendant found when he examined and operated upon plaintiff, and as to the nature of the operations actually performed, none of the evidence is of any value except that of defendant himself and his assistants, for they alone saw and knew the conditions and operations. As to whether or not the operations as performed were proper and in accordance with the requirements of professional skill we are obliged to rely upon the evidence of experts who have special knowledge of such subjects. It is not overstating the case to say that there is no evidence in the case from any qualified witness to the effect that any one of the operations performed by defendant was improper, or was carelessly, negligently, or unskillfully executed. The learned trial justice himself, at the close of the plaintiff's case, declared that there was no evidence to show unskillful work on the part of the defendant in the actual surgical performance of the operation. There certainly was no evidence to that effect given by the witnesses called on behalf of defendant.

The other branch of the case rests entirely upon the evidence of the plaintiff herself, contradicted in the main not only by the defendant, but also by his assistants and the house surgeons of the hospital. Certain witnesses called as experts did testify that, if defendant was guilty of the neglect charged by plaintiff, he had been remiss in the performance of his duty; but this evidence loses much of its force in consequence of the unwarranted assumptions embraced in the hypothetical questions by which the answers were elicited. It was insisted throughout the trial and on the appeal that defendant had compelled plaintiff to lie for days at a time with unchanged bandages and dressings. This insistence had no better foundation than the plaintiff's inadmissible evidence that one of the hospital staff had told her that defendant had given orders that the bandages should not be changed.

No legal evidence of such an order was given. The plaintiff quotes in his brief in this court, and doubtless quoted to the jury, a sentence from defendant's evidence that "I never ordered the bandages removed," but carefully refrains from quoting the very next sentence, that "the bandages were taken off every day after they were soiled."

It is well established that the burden of establishing affirmatively either want of skill or negligence in the care and attention of a patient must be assumed by him. Winner v. Lathrop, 67 Hun, 513, 22 N. Y. Supp. 516. We are by no means satisfied that the plaintiff successfully sustained that burden as to either branch of the case. But if the jury were justified in accepting the plaintiff's version of defendant's neglect after the performance of the operations, and in wholly rejecting the defendant's contradicting evidence, still the verdict should not be allowed to stand, for it was grossly excessive. It is not shown or even alleged that any permanent injury resulted from any carelessness or neglect of plaintiff after the operations, merely, in one instance, an unpleasant experience. The only permanent effect of which plaintiff complains was the result of the performance of one of the operations as to which, as has been said, there is no evidence of unskillfulness, negligence or carelessness. If the verdict is founded, as it must be, upon the charge of negligence in the aftercare of plaintiff, it is manifestly out of all proportion to the injury shown to have resulted from that negligence. These views call for a reversal of the judgment; but, as the case must be sent back for a new trial, it is well to refer to two errors in the exclusion of evidence, which alone would have been sufficient to reverse the judgment.

A very important inquiry in a case like the present is whether or not the defendant did that which his best judgment dictated. One of the obligations resting upon a surgeon or physician is to "use his best judgment in exercising his skill and applying his knowledge," and when his acts are challenged it must necessarily be open to him to show that they accorded with his judgment as to what should have been done. The defendant was asked:

"Now, in performing this operation did it, in your judgment, become necessary to separate the tissues in either way from the sac in which the pus was found?"

The question was objected to and excluded, thus preventing the defendant from showing precisely that which it was incumbent upon him to show.

The necessities of the case required that the defendant should leave, in large measure, to the hospital staff the care of the patient after the operations, and it was shown that this was the usual and proper practice in hospital cases. Much stress was laid by plaintiff upon the defendant's supposed carelessness in giving instructions to the members of the staff. It therefore became very material and necessary for defendant to show what instructions he did give, and to show this he himself was a competent witness. He was not, however, allowed to answer the following perfectly proper question:

"What instructions did you leave with the hospital staff of physicians or nurses with reference to the care of the patient?"

This error was never corrected, for, although it appeared that he did give some instructions, the nature of those instructions was not shown.

Other objections to the reception and rejection of evidence are urged upon us, which, however, it is not necessary to discuss in view of the ·conclusion to which we have already arrived, since the same questions will probably not arise upon a new trial.

The judgment and order appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event.

INGRAHAM, P. J., and CLARKE and MILLER, JJ., concur. DOWLING, J., dissents.