## VanMeter v. Crews.

(Decided June 21, 1912.)

### Appeal from Fayette Circuit Court.

1. Damages—Action Against Physician—Pleading.—In an action by a patient against a physician, an allegation that an operation was negligently performed may be united with an allegation that it was performed without the patient's consent.

2. Same—When Operation is by Patient's Consent.—In such an action the operation is by the patient's consent where though no express consent was given the physician understood and from the plaintiff's words and conduct had reasonable grounds to understand that she consented to it.

3. Same—Reasonable Grounds.—Reasonable grounds, on such as would warrant a person of ordinary prudence to so understand under the circumstances.

4. Instructions—Loss of Health.—An instruction authorizing the jury to find for the plaintiff such a sum as would compensate plaintiff for her loss of health is erroneous.

5. Damages—Measure of Recovery.—The measure of recovery is such a sum as will fairly compensate her for her pain and suffering, if any, and the permanent impairment, if any, of her power to earn money, which were the natural and proximate result of the operation being performed unskillfully or without her consent, if it was so performed.

ALLEN & DUNCAN for appellant.

A. F. BYRD, J. A. EDGE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Miss Laura Crews, who is about 30 years of age, brought this suit against Dr. B. F. VanMeter, charging that he had operated on her without her consent and had performed the operation unskillfully, by reason of which she had suffered great pain and her health had been permanently impaired. Dr. VanMeter defended the action on the ground that the plaintiff consented to the operation and that it was performed with proper care. The facts are briefly as follows:

Miss Crews had been suffering with a pain in the right side of the abdomen for about 12 or 18 months and for two months she had been suffering with a pain on the left side of the abdomen. She called Dr. VanMeter

who after making an examination of her prescribed for
her. After this she did not improve and he told her
he was not satisfied with the examination he had made
at his office and would like for her to go to the hospital
where he could make the examination more satisfac-
torily. She went to the hospital and there, after the
usual preparations had been made and several of her
relatives had been summoned, she was placed under an
anaesthetic and an operation performed which consisted
in his taking out one of the ovaries and making an ad-
justment of the other. After this she remained at the
hospital until the wound healed and then went home,
but she was unable to stand straight and later had to
submit to another operation, all of which, it is charged,
was due to the unskillfulness of the first. The proof for
the defendant showed that there was no neglect on his
part and that what he did was according to the approved
practice in such cases, although it turned out in Miss
Crews' case not to relieve her. On this evidence the
court instructed the jury as follows:

"1. If the jury believe from the evidence that the de-
fendant, B. F. VanMeter, performed the operation upon
the plaintiff without the consent of the plaintiff, the jury
should find for the plaintiff; or, if the jury believe from
the evidence that the defendant, whether he performed
the operation with or without the consent of the plain-
tiff performed said operation unskillfully and thereby
caused the plaintiff to suffer mental or physical pain or
become injured in her health when but for such unskill-
fulness, and if said operation had been performed skill-
fully the plaintiff would not have been caused to suffer
such pain or her health would not have become so im-
paired, the jury should find for the plaintiff.

"2. The jury should find for the defendant unless the
jury believe from the evidence that the defendant per-
formed the operation upon the plaintiff without the con-
sent of the plaintiff; or unless they believe from the evi-
dence that the defendant, whether the operation was
performed by the defendant with the consent of the
plaintiff or not, performed said operation unskillfully,
and that by such unskillful performing of said operation
the plaintiff was caused to suffer mental or physical
pain or her health become impaired by reason of the

fact that such operation had been unskillfully performed.

"3. If the plaintiff assented in any way to the performing of the operation on her by the defendant, this was a consent on the part of the plaintiff that said operation might be performed.

"4. The defendant in performing the operation upon the plaintiff was not required to possess or exercise the highest degree of skill; but in performing said operation the said defendant was bound to possess and exercise that degree of skill usually possessed by the profession of surgeons generally in this section of the country. If, however, in the performing of said operation the defendant failed to do so with that skill which is usually possessed by the profession of surgeons in this section of the country, the skill used by the defendant in performing said operation was not the degree of skill required by the law.

"5. If the jury find for the plaintiff and find for her upon the ground that the operation was performed without her consent, but the jury further believe from the evidence that the operation in fact was necessary and proper for the preservation of the life or the health of the plaintiff, and that it was skillfully performed, the jury should find for the plaintiff in nominal damages only, unless the jury also believe from the evidence that the defendant performed the operation wilfully when he did not believe and did not have reasonable grounds to believe that the plaintiff was willing that it should be performed, or had consented thereto.

"6. If the jury find for the plaintiff, and the jury believe from the evidence that the defendant performed the operation unskillfully, and that by such unskillfulness in the performing of said operation the plaintiff was caused to suffer physical pain or mental anguish, or her health became impaired temporarily or permanently, the jury should find for the plaintiff in such sum, not exceeding $25,000, as will fairly compensate her for such pain or the loss of health.

"If the jury find for the plaintiff and the jury believe from the evidence that the defendant performed the operation without the consent of the plaintiff and when he did not believe and did not have reason to believe that she consented to the performance of said operation or

was willing that said operation might be performed, the jury should allow the plaintiff such damages as will fairly compensate her for any suffering, mental or physical, resulting from the operation, if there was any, and for any impairment of plaintiff's health, if there was any, resulting from said operation, whether said said operation was performed skillfully or not.''

The jury found for the plaintiff in the sum of $4,000; the court entered judgment on the verdict and the defendant appeals.

It is insisted for the defendant that the plaintiff could not unite in the petition the allegations that the defendant performed the operation without her consent and that he performed it unskillfully. It is said that if he performed the operation without her consent this was a trespass on her person and that if he undertook to perform the operation with her consent and performed it unskillfully this was a cause of action for a breach of contract, which cannot be united with an action for trespass to the person. We cannot see the force of this. The plaintiff had employed the defendant as her physician and had placed herself in his charge. If he operated on her without her consent this was a breach of his duty to her; if he performed the operation unskillfully this was also a breach of his duty. In other words, all that the defendant did was done by him as a physician under his employment as such. The status of physician and patient existed and all that he did was done under this relationship. If the plaintiff is to recover at all she must recover all her damages in one action, for manifestly, she cannot bring one action alleging that the operation was performed without her consent and another alleging that it was performed unskillfully. If she cannot present her whole case in one action therefore, she will be denied remedy. Her whole case arises from the defendant's breach of duty as a physician and she may in one action set up as many breaches of duty as exist. The court, therefore, properly refused to require the plaintiff to elect between the two grounds of recovery sued on.

The evidence heard on the trial tends very strongly to show that though the plaintiff was averse to the operation it was understood by her, and her relatives who were summoned to the hospital and consulted, that if

upon the examination by the doctor it was found that an operation was necessary, he would perform it while she was under the anaesthetic. Both her uncle and her brother were sent for and the matter was discussed carefully, not only with them but with her; and while there is some conflict in the testimony there was evidence warranting the jury to conclude that the doctor understood, and had the right to understand, from all that passed between him and the plaintiff, that he was to perform the operation while she was under the anaesthetic if upon the examination he found this necessary. There was nothing in the evidence warranting a recovery in this action of punitive damages as there was no evidence of bad faith, recklessness or oppression on the part of the physician. The court should have omitted instruction No. 3. In lieu of No. 5 the court should have told the jury that if the defendant understood and had reasonable grounds to understand, from the words or conduct of the plaintiff, that she was willing for the operation to be performed while she was under the anaesthetic if upon his examination of her he found it necessary and upon the examination he found the operation to be necessary and he so performed it, then he had the right to perform the operation as by her consent. Reasonable grounds are such grounds as would warrant a man of ordinary prudence to so understand under the circumstances.

The sixth instruction is radically erroneous in allowing the jury to find for the plaintiff such a sum as will fairly compensate her for her loss of health. Such a standard is too uncertain; for a jury might justly think that no reasonable amount of money would compensate a young woman for the loss of her health and to give the jury such a measure of damages would be in effect to turn them loose without any criterion to guide them. We have, in a number of cases, condemned instructions like this. Lex. Ry. Co. v. Herring, 96 S. W., 558, 97 S. W., 1127; L. & N. Ry. Co v. Hall, 115 Ky., 579; L. & N. Ry. Co. v. Sights, 121 Ky., 302; Lou. Gas. Co. v. Fuller, 122 Ky., 614; Cincinnati, Etc., Ry. Co. v. Gibboney, 124 Ky., 806.

In lieu of instruction 6 the court should have told the jury that if they found for the plaintiff they should find for her in such a sum as would fairly compensate her

for her pain and suffering, if any, and the permanent impairment, if any, of her power to earn money, which were the natural and proximate result of the operation being performed unskillfully or without her consent, if it was so performed.

On another trial, in lieu of the last sentence in instruction No. 4, beginning with the words "If, however," the court will substitute these words: "And if the operation was performed by him with such skill, then it was not unskillfully performed within the meaning of these instructions."

Judgment reversed and cause remanded for a new trial.