CHARLOTTE I. ROBBINS, Respondent, *v.* CHARLES NATHAN, Appellant.

Second Department, December 19, 1919.

**Physicians and surgeons — malpractice — negligence — action against dentist to recover for alleged injury caused by extraction of tooth — evidence not justifying recovery — failure to produce expert testimony.**

A person who has had a tooth extracted by a dentist and as a consequence has suffered pain and other results of such extraction, cannot recover damages in an action against the dentist for malpractice without proof that the results were brought about by the fact that the defendant lacked the ordinary skill of dentists in his locality, or that he was negligent. The lack of skill or negligence of the defendant is not established by mere testimony as to the results of the extraction, there being no expert medical evidence whatever on this subject.

If the treatment of the defendant were unskillful or negligent the burden was upon the plaintiff to show it by those qualified to testify to the proper method of performing such an operation, and if the untoward results might have been avoided by due care the duty of showing that was also on the plaintiff.

*It seems,* however, that in some cases the lack of skill or want of care is so obvious that expert testimony is unnecessary.

APPEAL by the defendant, Charles Nathan, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 4th day of November, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 11th day of November, 1918, denying defendant's motion for a new trial made upon the minutes.

*James J. Mahoney* [*George J. Stacy* with him on the brief], for the appellant.

*F. Sidney Williams,* for the respondent.

JAYCOX, J.:

The plaintiff has recovered a verdict against the defendant for alleged malpractice. The defendant is a dentist. The facts, so far as necessary for the determination of this appeal, and taking the view of them most favorable to the plaintiff, are as follows:

The plaintiff went to defendant's office and informed him that she had some trouble with her tooth — that it was "bothering" her. It was a crowned tooth with a false tooth supported by this crown. The defendant removed the crown, bored into the tooth, found that the tooth was not fully filled and that it emitted an offensive odor. He thereupon took an X-ray photograph, which confirmed his diagnosis that the root was not entirely filled and contained decomposing organic matter. He then told the plaintiff that the tooth should be extracted and it was extracted. The plaintiff desired to have gas administered and gas was administered. It was found difficult to bring about complete unconsciousness in the patient by the administration of gas. Two attempts made by the defendant were unsuccessful, and then the plaintiff's husband came to the dentist's office and the operation was continued with his assistance. With the aid of the plaintiff's husband and a nurse employed by the defendant, the dentist was able to administer sufficient gas to bring about sufficient unconsciousness, and the tooth was removed. The plaintiff claims that in the removal of the tooth it was broken off and that the doctor made repeated efforts to extract the root; that in the course of these efforts he administered cocaine and that in the administration of cocaine the needle of the instrument used by the dentist either came out or broke off and that the defendant removed it from the gum with forceps. After the operation the plaintiff fainted but soon recovered and went to the house of a friend, where she spent the day and returned home with her husband that night. Her mouth was very sore and she claims that pieces of bone and pieces of flesh were subsequently cut away by a dentist who later treated her. She was treated by this dentist and also by a physician and was for a time in a sanitarium. Undoubtedly she had a very sore mouth and jaw as a result of this extraction.

It seems to me that this case necessarily involves a holding that if a person has a tooth extracted and thereafter his mouth is sore or he is ill, the dentist is responsible. This is not the law. The court correctly charged the jury: " The defendant was not a guarantor of his work, or the result that would follow; he is not an insurer as to the result. *   *   *   In other words, in this case, he was required to use the ordinary care of such

a man having the ordinary skill in this locality, and if he does not, the mere fact that there is a bad result is not enough, but you have got to trace it to his lack of skill or his negligence." More to the same effect could be quoted from the charge, but I think the quotation sufficiently shows that the court correctly instructed the jury that an untoward result of an operation did not make the defendant liable unless the result was brought about by his lack of the ordinary skill of dentists in his locality, or his negligence.

Applying that rule, what facts are there upon which to base a finding of the defendant's liability? The defendant extracted the plaintiff's tooth, but there is not a hint or claim that it was not necessary. He administered gas and had some difficulty in doing so. The plaintiff desired it and there is no proof that it was improper to do so, that too much was administered or that it could have been done by any better method. Her mouth bled, but this is usual, ordinary and unavoidable. The cavity looked large to the plaintiff. Again this was the usual and ordinary result. No one else having special knowledge upon the subject confirmed her opinion. She had difficulty in talking. Two teeth had been removed — one natural tooth and an artificial tooth attached to it. This difficulty was disagreeable, natural and temporary. Small pieces of the alveolar process, commonly called bone, came out. Again, however, there is an absolute dearth of testimony that this was the result of any lack of skill or anything more than frequently happens. The plaintiff claimed, at the time of the trial, that her gum was so shrunken at the place of this extraction as to necessitate her having artificial teeth of an unusually large size. The only purpose of this that I can think of was to give the jury the impression that too much alveolar process was removed by this extraction. Of this there is no testimony. The testimony on the contrary is to the effect that such alveolar process as remains in the vicinity of an extraction is absorbed and disappears. This is also a fact of common and general knowledge. Plaintiff claims her lips were cut and bleeding. When plaintiff struggled so that even with the help of a nurse defendant was unable to administer gas and was only able to do so with the added assistance of plaintiff's husband, this result cannot be attrib-

uted to any lack of skill or negligence upon the part of the defendant. These are all of the immediate physical effects of the operation. It is true that the plaintiff was ill afterward and that illness may have been attributable to the extraction of this tooth, but that does not warrant holding the defendant liable, as he does not, under the law, guarantee the result. (*Pike* v. *Honsinger,* 155 N. Y. 201; *Winner* v. *Lathrop,* 67 Hun, 511; *Wood* v. *Wyeth,* 106 App. Div. 21.) If the treatment of the defendant was unskillful or negligent, it was incumbent upon the plaintiff to show it by those qualified to testify to the proper method of performing such an operation; and if the untoward results present here might have been avoided by due care, the duty of showing that was also on the plaintiff. (*Brown* v. *Goffe,* 140 App. Div. 353, 356; *Yaggle* v. *Allen,* 24 id. 594, 598; *Lubbee* v. *Hilgert,* 135 id. 227, 231; *Wood* v. *Wyeth, supra.*) I quote from *Lubbee* v. *Hilgert* (*supra*) only: " Sufficient has been stated to show that the right of the plaintiff to recover must necessarily depend upon medical evidence, for the question is to what extent, if any, the failure of the defendants to properly treat the plaintiff aggravated the disease from which he was suffering or increased his pain or suffering. That question can be decided neither on the testimony of laymen nor by the jurors on their own knowledge and experience without testimony."

I am not unmindful of the fact that in some cases the lack of skill or want of care is so obvious that expert testimony is unnecessary. (*Evans* v. *Roberts,* 172 Iowa, 653; 154 N. W. Rep. 923.) This, however, is not such a case, and the counsel for the respondent in his brief fails to point out anything which the defendant did or omitted to do that indicated absence of skill or lack of care. He merely refers to results and claims that from these a want of care may be inferred. But these, as previously stated, are not of such a character as to warrant that inference without the aid of medical testimony.

The judgment and order should be reversed and the complaint dismissed, with costs.

Jenks, P. J., Rich, Putnam and Blackmar, JJ., concurred.

Judgment and order reversed and complaint unanimously dismissed, with costs.