[S. F. No. 11945. Department Two.—January 27, 1928.]

MARIA FIGLIETTI, Appellant, v. E. B. FRICK et al., Respondents.

Ernest M. Torchia and E. Lastreto for Appellant.

Arthur H. Barendt, Hartley F. Peart, Charles V. Barfield, Louis Ferrari and Joseph J. Posner for Respondents.

RICHARDS, J.—This appeal is prosecuted by the plaintiff from a judgment of the superior court in and for the city and county of San Francisco in the defendants' favor after the court had granted a motion for nonsuit at the conclusion of the plaintiff's case. The action was one instituted by the plaintiff for the recovery of damages for the death of her minor son, which occurred on or about May 4, 1922, while the latter was an inmate of the City and County Hospital of San Francisco, and which death was alleged to have occurred after the performance of an operation upon said inmate by or under the direction of the defendants herein, who were the physicians, surgeons, assistants, and employees in charge of said hospital at said time. The plaintiff's fourth amended complaint was in two counts, in the first of which she alleged that the operation upon her deceased son, a minor, was performed by and under the direction of said defendants, and that the same was performed wrongfully, unlawfully, carelessly, unskilfully, and negligently, and that the same resulted in the death of her said minor son as the direct result of said operation. In the second count of her said complaint the plaintiff, after repeating by adoption the first eight paragraphs of the first count of her said complaint, but omitting those later paragraphs wherein the negligent performance of said operation was averred, proceeded to aver that the operation thus alleged to have been performed upon the person of her said minor son was performed "wrongfully and unlawfully and without the knowledge or consent of the parents or guardian of said minor," and that by reason of said operation the said minor, on or about May 4, 1922, died. The defendants answered severally with denials of the gravamen of both counts of said complaint, and the cause proceeded to trial before a jury. At the beginning of the trial counsel for the defendants joined in a motion to compel the plaintiff to an election upon which count of her said complaint she would proceed to trial. The trial court, over the objection of the plaintiff, granted said

motion, and thereupon the plaintiff, still insisting upon her objection, elected to proceed to trial upon the second count of her said complaint, viz., that averring that the death of her said minor son occurred through the performance upon him by said defendants of said operation without the parents' or guardian's consent. During the progress of the trial the court from time to time sustained objections urged by defendants' counsel to the introduction of any evidence tending to show negligence on the part of the defendants, or any of them, in the performance of said operation, thereby confining the plaintiff's evidence strictly to the issue of consent. At the conclusion of the plaintiff's case several motions for nonsuit were made on behalf of one or more of said defendants severally, all of which were granted by the trial court, the result being that each and all of said defendants were absolved from liability and the general judgment in their favor followed as of course.

The plaintiff makes two points upon this appeal: First, that the trial court was in error in making its order at the beginning of the trial compelling the plaintiff to an election as to which of the two counts in her said complaint she would proceed to trial; second, that the trial court was in error in granting the defendants' motion for nonsuit. As to the first of these alleged grounds of error an examination of the plaintiff's said complaints discloses that the two counts or causes of action set forth therein arose out of the same transaction, viz., out of an operation performed upon the minor son of the plaintiff while he was an inmate of the hospital of which the defendants in various capacities were in charge. Both causes of action were grounded in alleged injuries to the person of the plaintiff's minor son, followed by his death. Both of these causes of action were actions ex delicto, the one being an injury alleged to have been committed upon the person of the decedent and which was in the nature of an assault or trespass upon his person because committed without the consent of his parents or guardian; the other being for the negligent performance upon the decedent's person of an operation which resulted in his death. (Harding v. Liberty Hospital Co., 177 Cal. 520 [171 Pac. 98], and cases cited.) These two causes of action were thus susceptible of being properly united in the said complaint under the provisions of section 427 of

the Code of Civil Procedure. Whether, being thus properly united in the plaintiff's said complaint up to the time of the commencement of the trial of said action, they were so inconsistent as to the proofs to be offered in support of each, or as to the remedy to be accorded for the breach of one or both of them, is the real issue before us upon this, the plaintiff's first alleged ground of error. We are unable to discover any such inconsistency in these two causes of action as would serve to justify the action of the trial court in compelling the plaintiff's election as to which of them she would rest her right of recovery upon. It may be concluded that, as pointed out by Mr. Justice Lennon in the case of *Tognazzini* v. *Freeman,* 18 Cal. App. 468 [123 Pac. 540], there exists an inconsistency between a cause of action for wilful injuries and a cause of action for injuries arising from negligence. But it is not such an inconsistency as would either have prevented the uniting of the two causes of action in the same complaint originally or the reliance upon both by the plaintiff at the trial. The error of the trial court in the above-cited case did not consist in permitting the plaintiff to go to trial upon two inconsistent causes of action, but in so instructing the jury as to permit the plaintiff to recover upon a cause of action not averred in the complaint. ■ The law is well settled in this state that a plaintiff may plead and proceed to trial upon inconsistent causes of action (*Stockton etc.* v. *Glen etc. I. Co.,* 121 Cal. 167, 171 [53 Pac. 565]; *Froeming* v. *Stockton etc. Co.,* 171 Cal. 401, 404 [Ann. Cas. 1918B, 408, 153 Pac. 712]); when each arises out of the same transaction and when the proofs as to which and the remedies available in each are substantially the same. The other cases upon which the respondents herein rely afford little comfort to their contention. In the case of *Wood* v. *Wyeth,* 106 App. Div. 21 [94 N. Y. Supp. 360], it was held that "the cause of action set forth therein [the complaint] was clearly a cause of action for negligence and nothing else, and hence that the order of the trial court in confining the plaintiff's proofs to that single cause of action was without substantial error." In the case of *Staloch* v. *Holm,* 100 Minn. 276 [9 L. R. A. (N. S.) 712, 111 N. W. 264], the court held that the action was one for negligence, in which the question as to whether the operation was with

or without consent did not arise. The case of *Van Meter* v. *Crews*, 149 Ky. 335 [148 S. W. 40], to which we are cited by appellant, presents to our minds the better reasoning as to why the two causes of action, which were the same in that case as in this, were not so far inconsistent as to prevent their trial together. The similarity between that case and the instant case is striking. The patient in each case was under the care of the physicians who performed the operation out of which the plaintiff's cause or causes of action arose. If the operation was performed upon either patient while that relation existed it was equally a breach of duty if performed without the consent on the part of the patient, or, in the case of a minor, of those capable of giving consent, or if, with consent, it was done unskilfully. In such circumstances, as the supreme court of Kentucky well said, "If the plaintiff is to recover at all she must recover all her damages in one action; for manifestly she cannot bring one action alleging that the operation was performed without her consent and another alleging that it was performed unskilfully. If she cannot present her whole case in one action therefor, she will be denied remedy. Her whole case arises from the defendant's breach of duty as a physician and she may in one action set up as many breaches of duty as exist. The court, therefore, properly refused to require the plaintiff to elect between the two grounds of recovery sued on." The error of the trial court in compelling the plaintiff to an election as to which cause of action she would rely upon would seem to be manifest when considered from another point of view. The gravamen of the plaintiff's complaint under either cause of action is the injury she has sustained. The injury upon which the amount of her recovery must be predicated under either of these counts consists in the death of her minor son, and in order to recover damages for that injury she must have been able to show that the operation upon the patient, whether performed with or without consent, was the proximate cause of his death. In the absence of such showing only nominal damages would have been recoverable, even though her consent to the operation had not previously been obtained. In either event, therefore, it was incumbent upon the plaintiff, in order to the recovery of substantial damages, to show unskilfulness in the performance of the operation

upon her son; and if such unskilfulness were proven, and if the death of her son had been shown to be the proximate consequence thereof the amount of her recoverable damages would be the same under either cause of action. It may be further said that under either cause of action the defense of the defendants, and each of them, would be substantially the same, since whether the plaintiff did or did not consent to the operation they would be compelled to meet the issue as to whether or not the patient's death had been proximately caused by unskilfulness in its performance. It follows that both in respect to the proofs and also of the remedies there was no such inconsistency between these two pleaded causes of action as would suffice to justify the order of the trial court compelling the plaintiff to elect as to which she would go to trial upon. This initial error on the part of the trial court was persisted in throughout the trial to the extent of exclusion upon the defendants' insistence of all evidence tending to prove negligence in the performance of the operation. This initial error of the trial court thus persisted in compels a reversal of this case; and this being necessitated it becomes needless to consider whether the trial court was also in error in granting the defendants' several motions for nonsuit. On another hearing upon the whole issue presented by the plaintiff's complaint and the defendants' answers thereto it may be found that as to some of the defendants herein a cause of action upon either count cannot be stated, but until that is shown we think the *status quo* of the parties to the action should be maintained.

The judgment is reversed.

Shenk, J., and Langdon, J., concurred.