Jenkin R. Hockert, J.
This is a malpractice case tried by court and a jury. After the action* started the plaintiff died from causes unrelated to this case. During trial the title of the action was amended to read: “Rose Dembicer, as Executrix of the Estate and Chattels of Sam Dembicer, deceased, Plaintiff, against Edward H. Rosenthal, M. D., Defendant.” The verdict of the jury was for the plaintiff in the sum of $8,000. Motions were made by counsel for defendant to dismiss the action at the close of the entire case and to set aside the verdict of the jury as contrary to the weight of the evidence. Decisions were reserved on all motions.
The facts briefly are that the decedent, after consulting his family doctor, was referred to the defendant for an operation known as thyroidectomy. The plaintiff’s witnesses testified that before the operation the decedent’s speech was normal and after the operation they described it as ranging from hoarseness to a whisper, which continued until his death, with only slight improvement, if any.
The plaintiff and defendant both had medical experts testify as to proper procedures to be followed for this type of operation. The standard operational procedure is to operate without isolating the recurrent laryngeal nerve which innervates the muscle of the vocal cord; and the Leahy method is to first isolate the said nerve before the removal of the thyroid. All of the medical testimony was to the effect that both procedures were considered acceptable surgical techniques and have been so held in many reported cases. (Di Filippo v. Preston, 53 Del. 539; Roberts v. Wood, 206 F. Supp. 579.)
A recovery by the plaintiff in this case could only be predicated on proof that the defendant was unskilful or negligent. (Robbins v. Nathan, 189 App. Div. 827.) There was no such proof in this case. The fact that there was hoarseness after the operation is not of itself enough to prove negligence or unskilfulness on the part of the defendant.
The defendant was well qualified for this operation and was only required to exercise his best judgment and reasonable skill. The so-called standard technique for this operation was the one used by the defendant and the testimony was that during the operation all precautions were taken by the defendant. There was no proof that if the Leahy method, that of isolating the recurrent laryngeal nerve, had been used the operation would have.been more successful. The plaintiff’s expert,.while qualified as a physician, had never performed this particular operation and predicated negligence on the result obtained. This is not the test as to whether the operation was performed in an *779 unskilful or negligent manner. This goiter was unusually large and exceptional skill was required to remove it. (Pike v. Hon-singer, 155 N. Y. 201.) The risk to this nerve was a normal and inherent hazard in the performance of all thyroidectomies by whatever method used by the surgeon (cases hereinbefore cited).
I am convinced that the jury’s finding was contrary to the weight of the evidence and that had the jury correctly and fairly appraised the testimony it could not have rendered the verdict it .did.
All motions made by defendant on which decision was reserved are hereby granted. Verdict of the jury is hereby set aside, complaint dismissed and judgment granted for the defendant. Clerk is hereby directed to enter judgment accordingly.