■ MORRIS SPITZER, Appellant, v SOLOMON CIPRUT, Respondent. — In a medical malpractice action, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered May 8, 1979, which is in favor of defendant, (1) upon the trial court having set aside the jury verdict in plaintiff's favor on the cause of action sounding in negligence and having dismissed that cause of action, and (2) upon a jury verdict in favor of defendant on the cause of action predicated on a theory of lack of informed consent. Judgment affirmed, with costs. Plaintiff was referred to the defendant surgeon for the removal of an aneurysm in the right leg. The initial clinical diagnosis placed the aneurysm in the popliteal artery (behind the right knee). An arteriogram, however, showed the aneurysm to be located in another blood vessel in the area. When the operation was performed, the aneurysm was found to be in the blood vessel within the sciatic nerve — a condition of extreme rarity. A procedure was performed to remove the aneurysm, but following the operation the then 60-year-old plaintiff suffered "foot drop", a partial paralysis of the right foot. Plaintiff commenced this action to recover damages on theories of malpractice and proceeding without informed consent. The jury returned a verdict in favor of plaintiff on the former cause of action and in favor of the defendant on the latter. The trial court set aside plaintiff's verdict and dismissed that cause of action on the ground that plaintiff offered no proof by medical witnesses that there had been malpractice. We affirm. The issue in a malpractice action is whether the plaintiff established that what the defendant did or failed to do in his treatment of plaintiff constituted a departure from the applicable standards of medical skill and care. On that question plaintiff adduced no proof at all. "If the treatment of the defendant was unskillful or negligent, it was incumbent upon the plaintiff to show it by those qualified to testify to the proper method of performing such an operation; and if the untoward results present here might have been avoided by due care, the duty of showing that was also on the plaintiff [citations omitted]" *(Robbins v Nathan,* 189 App Div 827, 830). The defendant doctor, called on behalf of plaintiff, and a second doctor called by defendant testified that whatever trauma there was to the sciatic nerve that resulted in the "foot drop" was the cumulative effect of the aneurysm within the nerve, the necessary dissection of the tissues in order to proceed with the operation, and the handling of the nerve during the operation. There was no proof that the defendant was negligent. Plaintiff's testimony, denied by defendant, that defendant told him after the

operation that he had made a mistake and cut the nerve, is not borne out by the medical testimony. There was no indication that the fibers of the nerve were cut or any proof that the operation as performed did not meet the applicable standards of skill and competence. In short, there was legally insufficient evidence to support the claim and the complaint was properly dismissed (see *Robbins v Nathan, supra*). Titone, J.P., Rabin, Margett and Weinstein, JJ., concur.