■ CLAIRE FADEN et al., Plaintiffs, v ALBERT R. ROBBINS, Defendant and Third-Party Plaintiff-Appellant-Respondent. ROBERT H. COPULSKY et al., Third-Party Defendants-Respondents-Appellants. — In an action to recover damages for personal injuries, etc., predicated upon a theory of chiropractic malpractice (1) the defendant third-party plaintiff appeals from so much of an order of the Supreme Court, Kings County (Aronin, J.), dated March 20, 1981, as denied his motion for an order directing that no medical malpractice panel be held with respect to the third-party action and granted that branch of third-party defendants' cross motion as requested that a medical malpractice panel be convened in the third-party action with respect to all of the third-party defendants, and (2) the third-party defendants cross-appeal from so much of the same order as denied that branch of their cross motion as requested that a medical malpractice panel be held with regard to the alleged malpractice of the defendant chiropractor. Leave to appeal is hereby granted by Justice Gulotta. Order affirmed, without costs or disbursements. Claire Faden (hereinafter plaintiff) and her husband commenced this action against Dr. Albert R. Robbins, a licensed chiropractor, alleging that he was guilty of malpractice in his treatment of her. Dr. Robbins impleaded the third-party defendants, claiming that if the plaintiff sustained the damages alleged in her complaint other than through her own negligence, the said damages were due to the negligent medical care she received from the third-party defendants. The order appealed from denied the motion by Dr. Robbins for an order, directing that no medical malpractice panel (Judiciary Law, § 148-a) be held with respect to the third-party action and denied that branch of the third-party defendants' cross motion requesting that a medical malpractice panel be held with regard to Dr. Robbins. That branch of the cross motion which sought to convene a medical malpractice panel as to all of the third-party defendants with regard to the third-party action was granted, however. Section 148-a of the Judiciary Law requires that a medical malpractice panel be convened, and a hearing held, to facilitate the disposition of medical malpractice actions. The third-party action is based on medical malpractice. To be entitled to contribution from the third-party defendants, Dr. Robbins will have to establish that what the third-party defendants "did or failed to do in [their] treatment of plaintiff constituted a departure from the applicable standards of medical skill and care" (see *Spitzer v Ciprut,* 80 AD2d 891) and that such malpractice on the part of the third-party defendants was the proximate cause of some or all of the damages alleged by the plaintiffs in the primary action. Accordingly, we hold that the third-party

action lies within the jurisdiction of the medical malpractice panel. The denial of the motion by Dr. Robbins for an order directing that no medical malpractice panel be held with respect to the third-party action was therefore proper, as was the granting of so much of the cross motion as requested that a medical malpractice panel be held with regard to the third-party defendants as to the third-party action. The court also properly denied that branch of the cross motion by the third-party defendants which sought a medical malpractice panel with respect to the defendant third-party plaintiff, Dr. Robbins. An action predicated on chiropractic malpractice is not a "medical malpractice action" (cf. *Taormina v Goodman*, 63 AD2d 1018; *Vidra v Shoman*, 59 AD2d 714). Damiani, J. P., Lazer, Gulotta and Brown, JJ., concur.