■ PARASKEVOU PSAKIS, et al., Plaintiffs, v ALVIN A. JACOBS, Defendant and Third-Party Plaintiff-Appellant. CONSTANTINE SPYROU, Third-Party Defendant-Respondent. — In an action to recover damages for personal injuries, etc., predicated upon a theory of chiropractic malpractice, the defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County (Widlitz, J.), dated June 5, 1981, which denied his motion for an order directing that no medical malpractice panel be held with respect to the third-party action, and referred the third-party action to the medical malpractice panel. Leave to appeal is hereby granted to the appellant by Justice Gulotta. Order affirmed, with $50 costs and disbursements (see *Faden v Robbins*, 88 AD2d 631). Damiani, J. P., Lazer, Gulotta and Brown, JJ.,concur.

■ JOHN C. RYAN, Respondent, v HAROLD BORG, Appellant. — In a legal malpractice action, defendant appeals from an order of the Supreme Court, Queens County (Durante, J.), dated October 24, 1979, which denied his motion to dismiss the complaint, pursuant to CPLR 3211 (subd [a], par 5), on the ground that the action cannot be maintained because of the expiration of the Statute of Limitations prior to commencement of the action. Order reversed, without costs or disbursements, the defendant's motion is to be treated as a motion for summary judgment pursuant to CPLR 3211 (subd [c]), and the matter is remitted to Special Term for a hearing consistent herewith. The date when the attorney-client relationship terminated, and hence, whether the action is time barred, cannot be established from the conflicting evidence in the record. Pursuant to CPLR 3211 (subd [c]) there should be an immediate trial to resolve this issue. Mollen, P. J., Mangano, Brown and Rubin, JJ., concur.