OPINION OF THE COURT
Peter Tom, J
In this medical malpractice action, defendant Clifford LoBrutto cross-moves for an order compelling plaintiff to comply *567 with defendant’s demand for expert information pursuant to CPLR 3101 (d) (1) (i).
On May 28, 1986, Maria Cruz, conservatee, was admitted to the emergency screening clinic at New York Hospital for complaints of a headache. The physician on duty, Dr. Burke, performed a complete neurological examination of Ms. Cruz and found the results of the examination to be within normal limits. Some 17 days later Ms. Cruz was admitted to defendant Elmhurst Hospital after being found unconscious at her residence. Plaintiff brings this action against New York Hospital alleging that the hospital failed to diagnose her intracranial bleeding and aneurism; failed to admit her to the hospital; and failed to order further neurological work-up when she was in the emergency screening clinic.
Plaintiff, in her pleading, further alleges that while defendant Clifford LoBrutto, a chiropractor, examined and treated her in his medical office in the early part of June 1987, he failed to diagnose plaintiff’s condition of intracranial bleeding and aneurism, and failed to refer her to proper medical experts.
CPLR 3101 (d) (1) (i) provides in relevant part that ”[u]pan request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify * * *. In an action for medical, dental or podiatric malpractice, a party, in responding to a request, may omit the names of medical, dental or podiatric experts”.
Plaintiff responded to defendant LoBrutto’s section 3101 (d) (1) (i) demand by disclosing all information except the identity of the neurosurgery expert and the emergency room medicine expert.
Defendant LoBrutto argues in this cross motion that since plaintiff’s cause of action against defendant LoBrutto is grounded upon chiropractic negligence and that CPLR 3101 (d) (1) (i) only exempts the names of medical, dental and podiatric experts, he is entitled to such disclosure. An action predicated on chiropractic malpractice is not a medical malpractice action (Faden v Robbins, 88 AD2d 631).
Plaintiff’s cause of action against defendant LoBrutto is based on the allegation of chiropractic negligence while her claims against the other defendants are grounded upon medical malpractice.
The Legislature did not address the applicability of the *568 portion of CPLR 3101 (d) (1) (i) which permitted the omission of the identity of medical experts in cases involving multiple defendants where one defendant is sued for medical malpractice and the other is sued for a different cause of action.
However, the statute is clear that a defendant sued in an action other than medical, dental or podiatric negligence, is entitled to know the identity of the plaintiffs expert witness who will testify against him. This would appear to be the case even when the codefendant is sued for medical malpractice.
In the instant case plaintiff has already divulged the name of the chiropractic expert who will testify against Dr. LoBrutto. Dr. LoBrutto now seeks, in this cross motion, the identity of plaintiff’s medical experts who will testify against the other defendants based on plaintiff’s claim of medical malpractice.
The legislative intent in drafting the disclosure exception for medical experts should be considered in determining whether a defendant who has already been apprised of the identity of plaintiff’s expert witness who will testify against him is entitled to know the identity of plaintiff’s medical expert who will testify against the codefendants as to medical malpractice.
CPLR 3101 (d) was amended in 1985 with the intention of the Legislature to liberalize and expand discovery relating to trial experts. (L 1985, ch 294, § 4; 3A Weinstein-Korn-Miller, NY Civ Prac If 3101.52a, at 31-213.) Although the amendment requires a party to identify an expert witness who will be called to testify, the Legislature recognizes a unique problem regarding medical experts. There was a concern that in the close circle of the medical profession some physicians who are friends or associates of the defendant may make efforts to influence and discourage the medical doctor from giving expert testimony against their fellow physician if the expert is identified early. (1985 McKinney’s Session Laws of NY, at 3359; see, Siegel, 1985 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:29, 1991 Supp Pamph, at 13.) In recognition of this problem, the Legislature provided an exception to the disclosure provision of CPLR 3101 (d) by permitting a party to omit the names of the medical expert in medical, dental or podiatric actions (CPLR 3101 [d] [1] [i]).
It is the stated concern of the Legislature that disclosure of plaintiff’s medical expert witness at an early stage may jeop *569 ardize the availability of plaintiffs expert to testify at trial. Plaintiffs medical expert is a necessary witness required to prove plaintiffs cause of action sounding in medical negligence. Plaintiffs action for medical malpractice cannot be established without the testimony of a medical expert.
Since the legislative intent is to protect the medical expert from potential pressure not to testify, the identity of the medical expert who will testify strictly on plaintiffs action for medical malpractice should not be freely disclosed to the other defendant in the absence of prejudice since all the defendants share a common interest in defeating plaintiffs claim.
The denial of defendant LoBrutto’s cross motion will in no way prejudice defendant, yet such ruling would further the legislative intent of CPLR 3101 (d) (1) (i) in protecting the identity of medical, dental and podiatric experts to avoid potential pressure from their peers and other associates from testifying.
Plaintiff has also disclosed to Dr. LoBrutto the substance of all the expert testimony including that of the neurosurgery expert and the emergency room medical expert.
This court is cognizant of the ruling in Travis v Wormer (136 AD2d 933), in which the appellate court held that plaintiff must disclose the identity of his medical expert in the medical malpractice action against the doctors and hospital to codefendant drug manufacturer sued for strict products liability.
Since the facts in the Travis case (supra) were sketchy, this court obtained the appellate record to ascertain the relevant facts which reveals an important factual distinction between the Travis case and this case which leads this court to reach a different conclusion.
The facts in the Travis case (supra) show that plaintiff had only one medical expert witness who was to testify against both the doctors and the drug manufacturer. The drug manufacturer was entitled to know the identity of the expert witness who was to testify against it on plaintiffs claim of products liability since such claim was not based on medical malpractice. This court agrees with the ruling in the Travis case.
In the present case, Dr. LoBrutto has already been given the name of the chiropractic expert who will testify against *570 him on plaintiffs claim of chiropractic negligence.
Accordingly, cross motion by defendant Dr. LoBrutto for an order compelling plaintiff to disclose the identity of her medical expert is denied.
[Portions of opinion omitted for purposes of publication.]