[Civ. No. 13048.   First Dist., Div. One.   June 21, 1946.]

MELVIN ESTRADA, Respondent, v. L. D. ORWITZ, Appellant.

Robert L. Lamb and A. Dal Thomson for Appellant.

James Sykes and Leander L. James for Respondent.

PETERS, P. J.—Defendant is a dentist. Plaintiff was his patient. On May 25, 1944, defendant extracted six of plaintiff's teeth. Plaintiff brought this action for the wrongful, unauthorized, and improper extraction of five of these teeth. The jury brought in a verdict of $4,000 for plaintiff, and from the judgment entered on the verdict defendant appeals.

The defendant makes no claim that the evidence is insufficient to support the judgment, but he urges that certain evidence was erroneously admitted and certain instructions erroneously given for the asserted reason that the evidence and instructions dealt with matters outside the issues framed by the pleadings. The only other point urged is that the damages are excessive.

The complaint as amended at the time of trial alleges that defendant is a duly licensed dentist holding himself out to the public as possessing the skill and knowledge common to dental practitioners in this community; that on May 25, 1944, plaintiff visited the defendant's office for the purpose of having one designated tooth extracted; that plaintiff so notified an office attendant; that plaintiff was then placed in a dental operating chair and an anesthetic administered; that while plaintiff was unconscious the defendant "carelessly and negligently" removed five teeth from plaintiff's jaw in addition to the one he wanted extracted; that at no time did plaintiff

consent to having any but one tooth removed; that as a result of such "carelessness and negligence" on the part of defendant, "and as a result of the malpractice" of defendant, plaintiff has been damaged in the sum of $7,500.

The answer of the defendant denied generally all of the material allegations of the complaint and specifically denied that defendant "was careless and negligent, or careless, or negligent, in any manner whatsoever, or at all."

The evidence produced on behalf of plaintiff at the trial admittedly supports the allegations of the complaint. The evidence objected to came into the case under the following circumstances: The plaintiff was called as the first witness, but shortly after he started to testify, a Dr. Hendricks, a San Francisco dentist, whose qualifications are not questioned, was permitted to take the stand, by consent, out of order. Over defendant's objections he was permitted to testify that when a tooth shows signs of decay or has a hole in it, there are other remedies besides extraction, namely, the insertion or installation of fillings, crowns, or inlays; that it is customary practice in San Francisco to take an X-ray of teeth and of the root before extraction.

Based on this evidence, and the evidence of defendant contradicting it, the trial court, in addition to instructing on the elements of liability in an action based on the theory of an operation without consent, instructed on the issue of negligence. The defendant objects to all of these instructions, and particularly objects to the portion of one in which it was stated: "In this case there has been a conflict in the testimony of witnesses concerning the question as to whether or not it is the custom and practice of a dentist possessing that degree of learning and skill ordinarily possessed by a dentist of good standing practicing in the City and County of San Francisco, State of California, and using the care ordinarily exercised by reputable members of his profession practicing in the same locality to take X-ray pictures of a tooth which the patient requests the dentist to extract, and the area of the jaw bone in the vicinity of such tooth. You must resolve that conflict. To that end you must weigh one expert's opinion and one witness' opinion against that of another, the reasons given by one against those of the other, and the relative credibility and knowledge of the experts and witnesses who have so testified. Therefore, you shall find in favor of that expert's testimony which, in your opinion, is entitled to the greater

weight.'' The court also instructed that ''if you find the plaintiff consented to the extraction of the teeth removed, or if, upon learning that the teeth had been extracted, the plaintiff ratified and approved the doctor's action, then your verdict must be in favor of the defendant and against the plaintiff.''

It is the theory of defendant that the complaint charges that defendant removed five teeth without the consent of plaintiff and it is urged that such a complaint charges an assault; that negligence is no part of such a cause of action; that it was error therefore to admit evidence and to instruct on negligence. There can be no doubt that an action based on the theory that an operation is performed ·without consent of the patient charges an assault and battery, and that negligence has nothing to do with such an action. (*Valdez* v. *Percy,* 35 Cal.App.2d 485, 491 [96 P.2d 142].) It has been held that when a complaint charges both negligence and an assault, and no evidence is introduced on the issue of negligence, it is error to instruct on that issue, and that if a complaint charges only an assault it is error to admit evidence and to charge upon the issue of negligence. (*Markart* v. *Zeimer,* 67 Cal.App. 363 [227 P. 683].) But it is equally clear that a plaintiff may join a cause of action for an assault, based upon the theory of an unauthorized operation, with a cause of action based upon the theory that the same operation was negligently performed. (*Figlietti* v. *Frick,* 203 Cal. 246 [263 P. 534].) In such event evidence is, of course, admissible on that issue and the court may properly instruct upon it.

The real question in the instant case, therefore, is whether the complaint simply charges an assault, or whether it also charges negligence. A reading of paragraph V of the complaint shows that plaintiff has charged both an assault and negligence. It is there averred that after plaintiff was rendered unconscious by an anesthetic the defendant ''carelessly and negligently'' removed certain teeth. In the same paragraph it is also alleged that such teeth were removed without the consent of plaintiff. What plaintiff has done is to join two causes of action, one for assault, and one for negligence, without separately stating them. Defendant did not object by special demurrer or otherwise. Thus the fact that the two causes of action were joined in the same count is immaterial. (Code Civ. Proc., §§ 430, 434.) Negligence may be averred in general terms, so that the failure to allege the nature of the negligence in more specific terms is immaterial.

58

A case directly in point is *Abos* v. *Martyn,* 31 Cal.App.2d 705 [88 P.2d 797]. That was an action against a chiropractor based on the theory that he had negligently treated the child of plaintiffs. There, as here, the charge of negligence was made in the most general terms. There, as here, the defendant claimed that the charge was insufficient. At page 707 the court stated:

''Appellant urges that the court erred in overruling his objection to the introduction of any evidence by plaintiff on the ground that the complaint does not state facts sufficient to constitute a cause of action, in that it sets forth no facts showing any negligent act or omission nor any facts showing a causal connection between any act or omission of defendant and the death of the patient. The general rule, as stated in *Smith* v. *Buttner,* 90 Cal. 95 [27 P. 29], is that 'negligence may be charged in general terms; that is, what was done being stated, it is sufficient to say it was negligently done, without stating the particular omission which rendered the act negligent. But it must appear from the facts averred that the negligence caused or contributed to the injury.'

''It sufficiently appears from this complaint that what was done by this defendant was the administration of chiropractic treatments, which treatments, it was alleged, were negligently administered. Having alleged what was done and that the same was negligently done, the complaint was sufficient in the absence of a demurrer. While the defendant might have insisted upon greater certainty and particularity, he waived such defects by failure to interpose a special demurrer. As against a general demurrer, which is what an objection to the introduction of any evidence amounts to, the complaint is sufficient.''

Under the rule announced in the above case the complaint in the instant case, in the absence of a demurrer, was sufficient to charge negligence.

It should also be pointed out that after defendant had objected to the questions asked Dr. Hendricks the trial court indicated that it interpreted the complaint as charging negligence, so that defendant knew that negligence was an issue shortly after the opening of the trial. The defendant also introduced evidence on the issue. He testified that X-rays were unnecessary for two reasons; that in the first place, plaintiff did not want to pay for them, and, in the second place, the teeth in question were so badly diseased that it was obvious extractions were in order. Plaintiff testified that de-

fendant made no suggestion that X-rays be taken. Defendant also testified that because of the condition of the teeth it would have been impossible to have filled or crowned them; that had they remained in plaintiff's mouth they would have impaired his health. Plaintiff testified that the five teeth in question were in good condition. It should also be pointed out that at the end of the trial plaintiff moved to amend to conform to the proof so as to allege specifically that it was the custom in this community to take X-rays before making an extraction. This motion was denied on the ground that the complaint generally alleged negligence, and that it was not necessary to set forth the evidentiary facts.

The principal case relied upon by defendant in support of his contentions is *Markart* v. *Zeimer*, 67 Cal.App. 363 [227 P. 683]. An examination of that case shows that it supports plaintiff rather than defendant. There the complaint was in two counts. The first charged negligence in certain particulars in regard to a hernia operation, and the second, in addition to recharging those negligent acts, charged that at a second operation, undertaken to relieve plaintiff of the effects of the first, defendant, without consent, removed plaintiff's right testicle. No charge was made that the second operation was negligently performed. No evidence was introduced on the first count. The trial court submitted to the jury the question as to whether the second operation had been properly performed. The appellate court properly held that this instruction was outside the issues framed by the complaint. At page 366 it is stated: "By instruction 'D' the question of the degree of skill and care exercised by defendants in removing plaintiff's testicle was submitted to the jury. This was without the issues. The complaint charged the defendants with a trespass in removing the testicle without his consent and against his expressed direction. No charge was made that the work of removing it was carelessly or unskillfully done. To submit this question to the jury was error." Unlike that case, in the instant case, as already pointed out, the complaint not only charges that the extractions were made without consent, but also that they were negligently and carelessly made. The necessary implication of the Markart case is that if negligence is charged and evidence is introduced on the issue, it is proper to give instructions on the standard and degree of care required of a medical man. That is the instant case.

The only other point urged by defendant (without

citation of authority) is that the damages are excessive. The judgment is for $4,000. There is a conflict in the evidence as to the condition of the five teeth improperly extracted. The plaintiff testified that they were all good teeth. The defendant testified that they were all badly diseased, three of them being no more than roots. The plaintiff testified that he was 31 years old, and that he had never visited a dentist before in his life. These conflicts were, of course, for the jury.

We cannot hold, as a matter of law, that the judgment is excessive. The judgment is within the realm of reason. The rule applicable to such a situation was aptly stated in *Stanhope* v. *Los Angeles Coll. of Chiropractic*, 54 Cal.App.2d 141, at page 148 [128 P.2d 705], as follows: "The assessment of damages is first of all the province of the jury, and secondly, that of the trial court when passing upon a motion for a new trial, therefore, an appellate court will not disturb the verdict unless it is so grossly excessive as to immediately suggest that it was the result of passion, prejudice or corruption on the part of the jury. [Citing two cases.] Moreover, the jury's award of damages cannot be set aside on appeal where there is nothing to suggest that the jury acted through passion, prejudice or corruption." (See, also, *Hicks* v. *Ocean Shore Railroad, Inc.*, 18 Cal.2d 773, 785 [117 P.2d 850]; *Koyer* v. *McComber*, 12 Cal.2d 175, 182 [82 P.2d 941]; *Johnson* v. *McRee*, 66 Cal.App.2d 524, 529 [152 P.2d 526].) We cannot say, as a matter of law, that the jury acted through passion, prejudice or corruption. It must be remembered that the purchasing power of the dollar is much less than it was a few years ago, so that a verdict that might have been considered very high or even excessive then, would, today, be within the realm of reason. That this is a proper factor to consider on this question was recently held in *Butler* v. *Allen*, 73 Cal. App.2d 866, 870 [167 P.2d 488] (hearing denied in Supreme Court), where it was stated: "The facts warranted a verdict in a substantial amount and we cannot say that it would have been excessive in normal times. Considering the economic conditions of the period through which we are now passing, the jury cannot be criticized as having been too liberal in either element of damages. The courts will take judicial notice that the purchasing power of the dollar is sixty cents or less compared with ten years ago. Salaries and wages are higher and the cost of living is greater. The value of the sum awarded is to be measured not by the number of

dollars named in the verdict but in their comparative ability to furnish the necessaries of life. (*O'Meara* v. *Haiden,* 204 Cal. 354, 367 [268 P. 334, 60 A.L.R. 1381], and cases cited.) "

The judgment appealed from is affirmed.

Ward, J., and Schottky, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 19, 1946.