[Civ. No. 26116. Second Dist., Div. Three. Sept. 27, 1962.]

EDWIN M. VAN METER, Plaintiff and Appellant, v.
THELMA REED, Defendant and Respondent.

Schweiner & Garber and L. E. Schweiner for Defendant and Respondent.

Luckham, Steiner, Fenton & Smith and Fred C. Fenton for Plaintiff and Appellant.

FORD, J.—The plaintiff has appealed from a judgment of dismissal entered in favor of the defendant Thelma Reed after her general demurrer to the first amended complaint had been sustained with leave to amend but the plaintiff had failed to avail himself of such leave.

The plaintiff alleged that he was injured when he was struck by an automobile owned by the defendant Reed while it was being driven by plaintiff's fellow employee, the codefendant Eddie Yanez. The accident occurred on the premises of the employer of the plaintiff and Yanez while each was acting within the course and scope of his employment.[1] It was further alleged that Yanez was operating the vehicle with the permission and consent of the defendant Reed.[2] Other

---

[1] In his brief, the plaintiff states that he and Yanez were employed by an automobile sales agency and garage at which the defendant Reed had left her automobile to be repaired.

[2] Sction 17150 of the Vehicle Code is as follows: ''Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from *negligence* in the operation of the motor vehicle, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages.'' (Emphasis added.)

allegations were as follows: "That . . . on the parking area of Foothill Motors . . . at a time and place where many automobiles were parked in close proximity one to the other, and at a time when many employees of said Foothill Motors, and customers thereof, were walking across said parking area and working thereon, and with vehicular traffic constantly moving thereon, all of which facts were known, or reasonably should have been known to defendants, and each of them, said defendants, and each of them, negligently, carelessly, *and with utter disregard for the safety of plaintiff,* . . . without any warning, *and with a calculated and conscious willingness to permit injury to plaintiff* . . . operated . . . that certain 1958 Ford automobile so as to cause it to run into and strike plaintiff, while he walked across said parking area, . . ." (Emphasis added.) The allegations which have been italicized were so worded because of the present language of section 3601 of the Labor Code.³

Section 17150 of the Vehicle Code does not impose liability upon the owner for the acts or omissions of one operating his vehicle with his permission if such acts or omissions involve culpability greater than that inherent in the concept of negligence. (*Weber* v. *Pinyan,* 9 Cal.2d 226, 238 [70 P.2d 183, 112 A.L.R. 407] ; *Ingram* v. *Bob Jaffe Co.,* 139 Cal.App.2d 193, 197 [293 P.2d 132] ; *Escobedo* v. *Travelers Ins. Co.,* 197 Cal.App.2d 118, 126 [17 Cal.Rptr. 219] ; see *Hobbs* v. *Transport Motor Co.,* 22 Cal.2d 773, 778 [141 P.2d 738].) But if, while the motor vehicle is being driven by another with the permission, express or implied, of the owner, the negligence of the operator causes injury to a third person, liability is imposed upon the owner under section 17150 of the Vehicle Code even though under section 3601 of the Labor Code the operator may have a special defense to an action brought against him by the injured person. (See *Baugh* v. *Rogers,* 24 Cal.2d 200, 207-214 [148 P.2d 633, 152

³Section 3601 of the Labor Code is in part as follows: "(a) Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in Section 3706, the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment, except that an employee . . . shall, in addition to the right to compensation against the employer, have a right to bring an action at law for damages against such other employee, as if this division did not apply, in the following cases: . . . (3) When the injury or death is proximately caused by an act of such other employee which evinces a *reckless disregard for the safety of the employee injured, and a calculated and conscious willingness to permit injury or death to such employee. . . .*" (Emphasis added.)

A.L.R. 1043].) In the *Baugh* case it was said at page 213: "The special defense of the negligent operator, based on the business relationship and status of the operator and the plaintiff, and the provisions of the Workmen's Compensation Law, is not available to the owner. It is the negligence of the operator, and not his liability or status, which is imputed to the owner. The negligence being imputed, the liability therefor is his own." Of a decision of a lower New York court, the court said (24 Cal.2d, at pp. 213-214) : "The trial court there proceeded on the theory that, because by virtue of the New York Workmen's Compensation Law the employee cannot maintain an action against his co-employee (the negligent operator), 'it logically follows that he cannot maintain one against another person [the owner of the vehicle] whose sole liability derives from the negligence of a co-employee.' (P. 754 of 22 N.Y.S.2d [*Schwartz* v. *Forty-Second St. M. & St. N. A. Ry. Co.*, 175 Misc. 49 [22 N.Y.S.2d 752)].) This is the only case dealing directly with the question which has come to our attention. It does not appear to have been presented to a higher court. As indicated above, such an approach in the present case would ignore the meaning and purpose of our imputed negligence statute. Hence, and for the other reasons given, we are impelled to a contrary conclusion." This court is not free to depart from the reasoning of the *Baugh* case.

The question next to be considered is whether the plaintiff sufficiently pleaded a cause of action against the owner of the motor vehicle in harmony with the reasoning of the *Baugh* case. "Negligence may be alleged in general terms, which means that it is sufficient to allege that an act was negligently done without stating the particular omission which rendered it negligent." (*Brooks* v. *E. J. Willig Truck Transp. Co.*, 40 Cal.2d 669, at 680 [255 P.2d 802].) Consequently, if the allegations hereinabove noted which are based upon section 3601 of the Labor Code are disregarded, the complaint is sufficient to state a cause of action for negligence against the appellant Reed under the provisions of section 17150 of the Vehicle Code.

 As has been noted, the allegations that the defendant Yanez acted "with utter disregard for the safety of plaintiff . . . and with a calculated and conscious willingness to permit injury to plaintiff," were made for the purpose of stating a cause of action against the defendant Yanez pursuant to the provisions of section 3601 of the Labor Code. Such allegations

fail to state a basis for recovery against the owner of the motor vehicle because the quoted words embody a concept of conduct which differs from negligence. (See *People* v. *Young*, 20 Cal.2d 832, 837 [129 P.2d 353] ; *Emery* v. *Emery*, 45 Cal.2d 421, 426 [289 P.2d 218]; Rest., Torts, § 500.)[4]

 It may be that, insofar as the attempt to plead a cause of action against the plaintiff's fellow employee Yanez under the provisions of section 3601 of the Labor Code is concerned, the complaint is deficient in the light of the established rule that where the plaintiff relies on conduct of greater culpability than negligence specific facts upon which the charge is based should be pleaded. (See *Snider* v. *Whitson,* 184 Cal.App.2d 211, 215 [7 Cal.Rptr. 353] ; *Bartlett* v. *Jackson,* 13 Cal.App.2d 435, 437 [58 P.2d 1298]; 2 Chadbourn, Grossman and Van Alstyne, California Pleading, §§ 957-958.) But if there be such deficiency, it should not be held to vitiate the cause of action against the defendant Reed predicated on negligence of the operator, even though a special demurrer might have been interposed on her behalf because of the effort to plead, in the same paragraph of the complaint, negligence as well as con-

---

[4]In section 500 of the Restatement of Torts the following pertinent statement is found: ''The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him.'' In comment a to that section of the Restatement it is said in part: ''Although conduct to be reckless must be negligent in that it is unreasonable, it must be something more than negligent. It must not only be unreasonable, but it must contain a risk of harm to others in excess of that necessary to make the conduct unreasonable and therefore, negligent. It must involve an easily perceptible danger of substantial bodily harm or death and the chance that it will so result must be great.'' In comment g it is stated: ''Reckless misconduct differs from negligence in several important particulars. It differs from that form of negligence which consists in mere inadvertence, incompetence, unskillfulness or a failure to take precautions to enable the actor adequately to cope with a possible or probable future emergency in that reckless misconduct requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which woul⸜ disclose this danger to any reasonable man. It differs not only from the above-mentioned form of negligence, but also from that negligence which consists in intentionally doing an act with knowledge that it contains a risk of harm to others, in that the actor to be reckless must recognize that his conduct involves a risk substantially greater in amount than that which is necessary to make his conduct negligent. The difference between reckless misconduct and conduct involving only such a quantum of risk as is necessary to make it negligent is a difference in the degree of the risk, but this difference of degree is so marked as to amount substantially to a difference in kind.''

duct of the nature delineated in subsection (a)(3) of section 3601 of the Labor Code. (See *Estrada* v. *Orwitz,* 75 Cal.App. 2d 54, 57 [170 P.2d 43] ; 65 C.J.S., Negligence, § 187, pp. 902-903.) The sole demurrer to the first amended complaint interposed by the defendant Reed was a general demurrer and it was based on the erroneous theory that the owner of the motor vehicle could be liable only if a judgment could be obtained by the plaintiff against the defendant Yanez.[5]

The judgment is reversed.

Files, J., concurred.

Shinn, P. J., did not participate.

---

[5]The theory upon which the defendant Reed proceeded is clear from the points and authorities filed in support of her demurrer (which points and authorities are a part of the superior court file brought before this court on its own motion pursuant to rule 12 of the Rules on Appeal\*). Therein it is said in part: "In the instant case plaintiff must show the operation of the vehicle was with a reckless disregard for the safety of plaintiff, and a calculated and conscious willingness to permit injury to plaintiff (Labor Code Sec. 3601 as amended 1959) before defendant Eddie Yanez can be found liable. If defendant Eddie Yanez is not liable, defendant Thelma Reed is not liable. If Eddie Yanez is found liable it must be by reason of conduct not imputable to defendant, Thelma Reed, therefore plaintiff has not, nor can plaintiff state a cause of action against this defendant."

\*Now California Rules of Court, rule 12.