[No. 13216.   Department Two. — January 2, 1890.]

## E. F. ROGERS, Appellant, *v.* JOHANAS BORCHARD, Respondent.

VENDOR AND PURCHASER — CONTRACT OF SALE — INSUFFICIENT DEED — RECOVERY BACK OF PURCHASE-MONEY — EVIDENCE — APPEAL. — In an action to recover back money paid as an installment upon the purchase price of land, sold under a contract for "a good and sufficient deed of bargain and sale to said property, free and clear of all encumbrances," on the ground that the defendant did not have title to a large portion of the land, it is inadmissible for defendant to introduce in evidence, to show compliance with such contract, a deed which merely purports to grant to plaintiff all the right, title, and interest of the defendant in and to certain tracts and parcels of land therein described; and if such deed is wrongly admitted in evidence, it is ground for the reversal of a judgment in favor of the defendant, upon the plaintiff's appeal.

EVIDENCE — ADMISSIBILITY OF DEED — CONSTRUCTION — PROVINCE OF COURT. — It is not necessary that a deed should be admitted in evidence in order that the court should construe it. It is the duty of the court to examine it sufficiently to determine upon its admissibility, and if inadmissible, to sustain an objection to its introduction in evidence, whether the action is tried with or without a jury.

APPEAL from an order of the Superior Court of Ventura County denying a new trial.

The facts are stated in the opinion of the court.

*Hall & Poplin,* and *W. C. Stratton,* for Appellant.

The deed introduced by defendant was inadmissible. The agreement was to sell and convey the land, and exe-

cute a good and sufficient deed of bargain and sale con-
veying the premises. An agreement to sell is a contract
to transfer title (Civ. Code, sec. 1727), and it binds the
seller to execute a conveyance in form sufficient to pass
the title. (Civ. Code, sec. 1731.) Defendant's deed
does not purport to convey the property, but to con-
vey whatever title, if any, he had. A deed purporting
to give, grant, sell, and convey all my right, title, and
interest is not a grant in general terms, but of his title
and interest in such lands. (*Sweet* v. *Brown*, 12 Met.
175; 45 Am. Dec. 243.) An agreement to give a good
deed calls for a deed good and sufficient, both in form
and substance, to convey a valid title to the land. (*Bur-
well* v. *Jackson*, 9 N. Y. 535; Waterman on Specific
Performance, sec. 414; Hilliard on Vendors, 208.) A
covenant of non-claim amounts to a warranty, and
operates as an estoppel, but is confined to the estate
granted; and where that is the right, title, and interest
of the grantor, instead of the land itself, the covenant
does not estop the grantor from setting up an after-
acquired interest. (*Gee* v. *Moore*, 14 Cal. 472; *Kimball*
v. *Semple*, 25 Cal. 440.)

*McKeeby & Smith, N. C. Bledsoe*, and *W. H. Wilde*, for
Respondent.

The objections to the deed were based upon its con-
struction, and go merely to the effect of the evidence.
In order to construe it, it should be admitted in evi-
dence. It is the province of the court to construe the
evidence. (*Moody* v. *Palmer*, 50 Cal. 30.) The judgment
should be affirmed, if the deed is admissible for any
purpose. (Greenl. Ev., sec. 584, note.)

SHARPSTEIN, J.—The plaintiff and defendant entered
into a written agreement, wherein the defendant agreed
to sell and convey to plaintiff lands in Ventura County,
and upon certain payments being made, to execute and

deliver to plaintiff a good and sufficient deed of bargain and sale of the premises, free and clear of all encumbrances. The plaintiff was to, and did, pay defendant twelve hundred dollars at the time the agreement was entered into, but made no other payment, claiming, among other things, that defendant did not have title to a large portion of the land. Plaintiff brought this action to recover the twelve hundred dollars paid to defendant as above stated:

On the trial, plaintiff introduced in evidence the agreement set forth in the complaint, in which, for the consideration mentioned therein, the defendant promised to execute and deliver to plaintiff "a good and sufficient deed of bargain and sale to said property, free and clear of all encumbrances." To prove that he had executed such a deed, the defendant offered in evidence a deed which purported to grant, bargain, and sell and convey unto the plaintiff, and to his heirs and assigns forever, *all the right, title, and interest of the defendant* in and to certain tracts and parcels of land therein described.

Plaintiff objected to its introduction, on the ground that it is not such a deed as the agreement called for,— 1. Because it is not a grant, bargain, and sale deed; 2. Because it does not purport to convey the land described in the complaint, or any part thereof, or interest therein, except such as the defendant had at the time of the execution of the deed; that it is a quitclaim deed; 3. Because the land described in it is not the same land described in the complaint. Objection overruled, and plaintiff excepted.

The principal question being, Did the defendant comply with his agreement? any evidence that shows, or tends to show, that he did was admissible.

He agreed to execute and deliever to plaintiff a good and sufficient deed of bargain and sale to the premises, conveying the same free and clear of all encumbrances.

To prove a compliance with that agreement, a deed

was offered in evidence, which purported to convey *all the right, title, and interest* of the defendant in and to said premises, which clearly did not prove, or tend to prove, a compliance with the agreement.

Respondent's counsel replies, admitting this to be so; it became the duty of the court when the deed was offered in evidence to construe it, and that "in order to construe it, the deed must first be admitted in evidence." We think otherwise. When the deed was offered in evidence, and objection made to its introduction, it became the duty of the court to examine it sufficiently to enable it to determine whether it was admissible or not, and if not, to sustain the objection to its introduction in evidence. As was said in *Mason* v. *Wolff*, 40 Cal. 246: "We think this evidence inadmissible, and none the less so because the case was tried by the court without a jury."

Order denying plaintiff's motion for a new trial reversed.

THORNTON, J., concurred.

McFARLAND, J., concurring.— I concur in the judgment, because it appears that the deed erroneously admitted in evidence must necessarily have entered largely into the considerations which moved the court to give judgment for respondent. I do not think that Judge Temple intended to say, or did say, in *Mason* v. *Wolff*, 40 Cal. 249, that a judgment must be reversed for every abstract error committed in ruling upon the admissibility of evidence when the case is tried without a jury; and I fear that the leading opinion in the case at bar might bear that construction. Greenleaf says (vol. 1, sec. 49) as follows: "In trials of fact without the aid of a jury, the question of admissibility of evidence, strictly speaking, can seldom be raised; since, whatever be the ground of objection, the evidence objected to must of

necessity be read or heard by the judge, in order to determine its character and value. In such cases the only question, in effect, is upon the sufficiency and weight of the evidence." While this language may state the principle too strongly, still, in my opinion, a judgment in a case tried without a jury should not be reversed for the erroneous admission of one piece of evidence, unless the error shows that the case was tried upon a wrong theory, or appears to have been in some way material, important, and clearly prejudicial to the rights of the losing party.

Hearing in Bank denied.

82  351
85   30

82  351
142  318
142  319

82  351
145  448