[Civ. No. 8021.   First Appellate District, Division One.—May 26, 1932.]

HARRY J. STEINBRUN, Respondent, v. SHERMAN SMITH, Appellant.

J. Hampton Hoge and A. Dal Thomson for Appellant.

Harold Jos. Haley for Respondent.

ROBINSON, J., *pro tem.*—This case comes to us on appeal from the judgment based on a verdict growing out of the property damages and personal injuries in an automobile accident. The evidence is conflicting on the question of negligence, but we will not review it. The verdict awarded $1500. On motion for a new trial the court reduced it to $1200. Appellant claims there was not a sufficient reduction. He also complains that certain instructions given were erroneous.

We are not able to determine from the order denying the motion for a new trial and reducing the judgment whether the reduction was on account of general or special damages. The reduction was consented to by appellant.

It is conceded that the damage to the automobile was $300, less salvage of $15, which would leave $285. Plaintiff claims damages by a tearing of his suit of clothes, but no specific amount of damage was proven. There was a towing charge of $15.15. There is a claim for $30 for services rendered by a physician, but there is no proof of the reasonableness of the charge nor that it was paid, and the doctor testified that he had rendered no bill and had not entered up any exact charge. Loss of wages for two days was claimed, amounting to $14.90, making a total of $345.05. Deducting the $30 for physician's services leaves the total special damage $315.05.

Counsel in their briefs seem to concede that the $300 reduction by the court was on account of general damage, and argue that $300 property damage would leave a $900 judgment herein.

Plaintiff testified to the following personal injuries: Two scalp wounds; badly crushed thumb; right index finger cut and bruised; cut on left leg below knee and on right knee; was sore all over; elbow sore; every muscle in his body ached; immediately after the accident he went to the hospital where he was treated by a physician, without remaining all night, and then went home; thereafter called at physician's

office every day for a week, and thereafter every two or three days for about three weeks. He testified that he went to the scene of the accident on the first and second days after the accident and took measurements and photographs and returned to work on the morning of the third day, as a motorman engineer for the Northwestern Pacific Railroad Company. He further testified that the index finger on his right hand was still sore and painful; that all the physician did was to apply mercurochrome and bind up the cuts, and that they healed within three weeks. The physician testified that plaintiff had the tip of the right thumb partly crushed, *just the tip of the finger,* and the skin broken; small lacerations on the index finger of the right hand; two small lacerations in the scalp; lacerations on the left knee and a bruised right knee; it was just skinned, and general contusions and abrasions; that the patient called at his office seven times after the hospital treatment; was under his treatment fourteen days; that he complained of no other injuries during that period, simply those from the injury, and a shaking-up. The doctor was asked this question: "And you cannot state whether that last mentioned injury would be a permanent one or otherwise?" His answer was: "I don't think so, unless there would be some other current disturbance coming on, complicating it." There was no testimony as to any such disturbance.

It appears from this testimony that the injury was not very serious, and certainly there was no proof to any reasonable certainty of any future disability.

Appellant complained of the following instruction: "You are instructed that if you find that the plaintiff is entitled to recover, you may award such damages, within the amount claimed, which is $2,939.80, as in your opinion will compensate him for the injuries he has sustained; and in estimating such damages, you may consider what, before the accident, was his health and physical ability; the extent, nature and severity of his injuries; also the extent to which, if at all, *the injuries he received are permanent in character;* also the extent, degree and character of suffering, mental or physical, if any; medical expenses incurred or paid, *or necessary to be incurred,* if any; the loss of time and the value thereof, if any; *the reasonable market value of services performed upon or about the automobile of plaintiff,*

if any; and the *diminution in value of plaintiff's clothing, if any."* (Emphasis his.)

There was no testimony in support of any of the emphasized portions of this instruction, and the same should not have been given.

Complaint is made that the court instructed the jury in part as follows on the question of damages that could be awarded: "medical expenses incurred or paid or necessary to be incurred". There was no testimony as to any expenses necessary to be incurred. Also, "reasonable market value of services performed upon or about the automobile of plaintiff". The testimony was that the automobile was damaged to the extent of $300 less salvage $15. "Diminution in value of plaintiff's clothing." There was no testimony to warrant that. However, these instructions, even if erroneous, would not warrant a reversal, as they would be at least partly taken care of in the reduction in judgment.

Under the testimony the special damage could not have exceeded $315.05, which, deducted from $1500, the original judgment, would leave a balance of $1184.95 for general damage, which the court has reduced by $300, leaving $884.95 as general damage.

If under the instructions the jury awarded any damage for *future pain* and suffering or doctors' bills *yet to be incurred,* or anything else delving into the future, it would be error. And from the simple injuries enumerated, keeping in mind the doctor's testimony that there were no *fractures or broken bones,* that all he felt it necessary to do was to put on an antiseptic and bandages, we feel that judgment should be further reduced. For support we refer to *Wiezorek* v. *Ferris,* 176 Cal. 353, 358 [167 Pac. 234, 236], holding that "if 'the amount of the damages is obviously so disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of the cool and dispassionate discretion of the jury' (*Morgan* v. *Southern Pac. Co.,* 95 Cal. 510 [29 Am. St. Rep. 143, 17 L. R. A. 71, 30 Pac. 603]), the verdict must be held excessive". (*Kershaw* v. *Tilbury,* 214 Cal. 679 [8 Pac. (2d) 109].)

It is therefore ordered that the judgment be modified by reducing the amount of damages to $900, and as so modified is affirmed, appellant to recover costs on appeal.

Knight, Acting P. J., and Cashin, J., concurred.