[Civ. No. 15177. Second Dist., Div. Two. Apr. 8, 1946.]

LOUISE F. BUTLER, Respondent, v. GEORGE S. ALLEN, Appellant.

Paul Taylor and Joseph D. Taylor for Appellant.

Frank C. Weller and Thomas S. Tobin for Respondent.

WILSON, J.—Appellant is the owner of five apartment houses in the city of Los Angeles, in one of which respondent, a cultured, elderly lady professionally trained as a business librarian, had been a tenant for five years. During that time she had usually paid her rent on or before the third of the month. On several occasions she paid as late as the fifth or eighth. Appellant had always accepted the rent whenever tendered without objection as to time of payment until the occurrence which gave rise to this action. On March 2, 1944, respondent went to the desk where she had been accustomed to paying her rent and an employee of defendant in charge of the desk refused to accept payment stating that appellant wished to see her. She immediately repaired to appellant's apartment and he said that he did not have time to talk to her. On March 3d she again offered to pay another of appellant's employees then at the desk, who stated that she had been instructed by appellant not to accept the rent. On the evening of March 4th, at respondent's request, the night clerk called appellant on the telephone and asked him to come to the office so that she might pay him, but appellant refused to do so. On March 7th respondent procured a postoffice money order for the amount of the rent and had a letter written and an envelope addressed to appellant by a stenographer who resided in the same apartment house, enclosed the letter with

the money order in the envelope and placed it in a nearby mail box. She heard nothing more from appellant until she returned to her apartment on the evening of March 14th and found that her key would not open her door. Upon inquiry as to the reason for having locked her out of her apartment appellant replied that he had done so because she had not paid her rent. She informed him that she had sent him a money order through the mail on March 7th, but he denied having received it. She stated that she had no place in which to sleep and appellant directed one of his employees to provide a place for that night. She was taken to an apartment which had accommodations for eleven people. The room was unclean, empty beer bottles were scattered about and it was otherwise uninviting. She asked for a key so that she could lock the room and was told that there was none. Respondent, not desiring to sleep in such surroundings, stayed two nights with a lady who occupied another apartment in the building and then found a small room in another location where she remained for a few days until she found a permanent place of abode. Meanwhile respondent had been unable to get any of her personal belongings. She was without clothing except that which she wore at the time she was locked out, and was unable to obtain even a nightgown. Appellant compelled her to pay a half month's rent before he would allow her to take any of her property. Upon being permitted to enter the apartment which she had occupied she found a roughly constructed double bed which had been placed there in her absence. Some of her belongings had been swept into the closet appurtenant to her room, others had been scattered over the house. Some were found in the basement, some in a janitor's dirty service closet in grocery cartons; keys to her trunks had been lost; blankets and a chair which she personally owned had not been recovered at the time of the trial.

In an endeavor to make it appear that the post office money order had not been mailed on March 7th as testified by respondent, appellant produced an envelope postmarked on March 24, and claimed that the money order had been received therein. The evidence showed that the envelope had been addressed upon a different typewriter from that used by the stenographer who wrote respondent's letter and addressed the accompanying envelope.

Among respondent's personal effects were articles of cultural and sentimental value, books containing 500 illustra-

tions of works of art which respondent had procured in Europe. The latter were rare and out of publication and because of conditions in Europe could not be replaced. There were many other items such as family records of respondent's ancestry, a letter written by her mother which was over 100 years old, and papers regarding family property, none of which she had been able to recover after her eviction.

Respondent paid out $50 storage charges, expenses of moving, and lost one month's salary of $125 while she was searching for new living quarters.

The jury returned a verdict for $2,000 actual damages and $2,000 exemplary damages. From the judgment defendant appeals.

■ We find nothing in the record to support appellant's claim that the judgment is not sustained by the evidence or that it is so excessive as to indicate that the verdict was given under the influence of passion and prejudice. Appellant offered no justification for his unwarranted and malevolent procedure except his claim that the rent was not paid. Respondent's receipts which are in evidence show that her rent had never been paid before the second of the month and that appellant accepted it on various dates between the second and the eighth without objection. Appellant made a maladroit attempt to fabricate evidence and to build up a defense in advance by opening an envelope containing respondent's money order of March 7 and displaying it in the presence of several employees, although it was not his custom to open his mail and exhibit its contents to them. This fruitless endeavor to vindicate his unlawful eviction of respondent from her apartment failed with the demonstration that the envelope produced by him was not the one sent by her. His acts in scattering her personal effects over the apartment house and placing them in unclean places show a base disregard of the feelings and sensibilities of a refined, elderly lady. The fact that a crudely constructed double bed was placed in respondent's apartment where there had been only a wall bed previously is evidence that the eviction resulted not by reason of her failure to pay her rent on the first day of the month but from appellant's desire to obtain more revenue than respondent had been paying for the apartment by placing additional tenants therein.

Both compensatory and punitive damages in such a case as this are left first to the sound discretion of the jury

and next to like discretion of the trial judge on motion for a new trial, when such motion is made. We find no abuse of discretion here.

The facts warranted a verdict in a substantial amount and we cannot say that it would have been excessive in normal times. Considering the economic conditions of the period through which we are now passing, the jury cannot be criticized as having been too liberal in either element of damages. ■ The courts will take judicial notice that the purchasing power of the dollar is sixty cents or less compared with ten years ago. Salaries and wages are higher and the cost of living is greater. ■ The value of the sum awarded is to be measured not by the number of dollars named in the verdict but by their comparative ability to furnish the necessaries of life. (*O'Meara* v. *Haiden,* 204 Cal. 354, 367 [268 P. 334, 60 A.L.R. 1381], and cases cited.)

■ There was no error in the instructions to the jury. Appellant's objection to the use of the words "rent money," "tenancy," "rent," and "eviction" are without merit. He did not claim to be operating a hotel but testified that he was the owner of five apartment houses, including that in which respondent had been residing for five years. Whether respondent was a tenant in an apartment house or residing in a hotel would not have affected the right or the amount of the recovery. Appellant would have had a lien on respondent's baggage and other personal property in the event of her nonpayment of rent, whether in a hotel or an apartment house (Civ. Code, §§ 1861, 1861a), and that fact was not an issue in the case since she offered to pay her rent in the same manner as she had paid it during the five-year period of her occupancy. The jury was correctly instructed upon the question of malice.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied April 26, 1946, and appellant's petition for a hearing by the Supreme Court was denied June 6, 1946.