The judgments and orders appealed from are, and each is, affirmed.

Shinn, Acting P. J., and Wood, J., concurred.

[Civ. No. 13436.   First Dist., Div. One.   Oct. 27, 1947.]

FRED S. NASON et al., Respondents, v. PETER LETH-NISSEN et al., Appellants.

Hoffman & Draper for Appellants.

Hugh F. Mullin, Jr., for Respondents.

BRAY, J.—Plaintiff Sophie Nason sustained a head burn in the course of a "permanent wave" treatment in defendants' beauty shop. In a trial without a jury, the court awarded plaintiffs damages in the sum of $1,014.

There are only two points raised by defendants on this appeal: (1) that the evidence is wholly insufficient to support the amount awarded, and therefore the damages are grossly excessive; and (2) the trial court erred in refusing to strike certain testimony concerning insurance.

## Damages Not Excessive

■ In considering the first point raised by defendants it is necessary to keep in mind the yardstick by which an appellate court must measure those damages. "The power of the appellate court to reduce or reverse judgments on the ground that they are excessive exists only when the facts are such that the excess appears as a matter of law, or is such as to suggest at first blush passion, prejudice or corruption on the part of the jury. [Citing cases.] Subject to this limitation the damage resulting from pain, suffering or injuries of the nature of that here complained of, being incapable of exact measurement, its compensation in terms of money is necessarily only approximate, and must be left to the jury to determine." (*Hallinan* v. *Prindle*, 17 Cal.App.2d 656, 671 [62 P.2d 1075].)

■ The evidence shows that on May 25, 1944, plaintiff received a burn on the left portion of her scalp, approximately an inch in diameter. Her first medical treatment was four days later. The doctor to whose office she went testified that the burn was crusted and there was a degree of inflammatory reaction around it. The hair was matted into the crust and it looked like a first and second degree burn. He saw and treated her on four occasions at his office. Plaintiff testified that she suffered pain from it at times for fully six months, and for that period was dragged out, sick and nervous from it and could not do her housework as well as formerly. She stated that it was still tender at the time of trial, which was over two years from the date of the injury. The burn cleared up in a matter of 10 days, and the doctor felt at that time that plaintiff would have no further trouble with it. The doctor further testified that the area of such a burn in his opinion could remain sore and tender for five or six months, and that it was a very painful burn. Plaintiff testified that during the six months' period she was able only to have her hair "caught up a bit, just have it combed a bit," and at times had to receive oil treatments for her scalp. Plaintiff was a housewife and not a wage earner, and hence there was no loss of wages, nor any expense incurred as a result of the injury, other than the doctor's bill of $14. There was no hospitalization, no permanent scar, and the hair eventually grew back on the injured spot.

Defendants rely upon the case of *Steinbrun* v. *Smith*, 123 Cal.App. 697 [11 P.2d 868], as authority for the contention

that the damages awarded here are grossly excessive. In that case a jury awarded $1,500 damages, of which approximately $300 was special damage. The trial court took $300 off the general damages, reducing the award to $1,200. The appellate court held that even this amount was excessive and reduced the general damages another $300. At first blush the injuries detailed in the opinion were more serious than those received by plaintiff here. However, a study of the opinion shows no evidence that the injuries existed nor was pain suffered, for more than 14 days. Moreover, that was a jury case, while this is a court case. Again, here, the plaintiff testified (and the judge, who observed her testify, evidently believed her) that the pain from the burn continued at times for five or six months, that she was sick and nervous from it over that period, and that more than two years later the spot was still tender.

It is not a question of what damages this court would award or whether we consider them high, but whether this court can say that the damages are so excessive as to suggest passion or prejudice.

█ Another element to be considered is the decreasing value of the dollar. "The value of the sum awarded is to be measured not by the number of dollars named in the verdict but in their comparative ability to furnish the necessaries of life." (*Butler* v. *Allen*, 73 Cal.App.2d 866, 870 [167 P.2d 488] (hearing denied in Supreme Court). See, also, *Estrada* v. *Orwitz*, 75 Cal.App.2d 54 [170 P.2d 43].)

While the award here was probably high, we cannot say that it was so excessive as to suggest passion or prejudice on the part of the judge.

### Testimony Concerning Insurance

Plaintiff was testifying concerning a visit she made to defendants' shop the day following the accident, and was asked by her counsel to give the conversation she had with defendant Peter Leth-Nissen. The following then occurred: "I came into the shop and the door was open, he has the first booth and he was standing there, and I walked over and I said: 'Mr. Nissen, will you please look at my head? What am I to do about this. It gives trouble and I have a burn.' So, very insultingly he said: 'Will you get out of here?' I said: 'I beg your pardon, Mr. Nissen, I just want to show you my hair.' And he said: 'You go and get your lawyer, I am

heavily insured.' MR. DRAPER [for the defendants] : We move to strike that as incompetent, irrelevant and immaterial and outside the issues of the case. THE COURT: That was the conversation? MR. DRAPER: Yes, 'You go and get your lawyer, I am heavily insured.' THE COURT: Objection overruled if that is what he said.''

As a general rule, the only theory upon which such reference to insurance is ever admissible in a personal injury action of this type is when it is incidental to an admission of liability by defendant and a part of the same statement. It is then admissible not to prove the fact of insurance, but solely because it is a part of the admission. (*Handley* v. *Lombardi*, 122 Cal.App. 22 [9 P.2d 867] ; *Noble* v. *Bacon*, 129 Cal.App. 177 [18 P.2d 699] ; *North* v. *Vinton*, 17 Cal.App.2d 214 [61 P.2d 950].) It is very doubtful if the statement of the defendant to plaintiff could in any way be characterized as an admission of liability. But assuming that the failure of the court to strike the portion referring to insurance from the record was error, it was error without prejudice. This was not a jury case. It must be presumed that every judge in California knows that he must not be influenced by the question of whether a litigant is or is not insured. The judge heard the statement that defendant was insured. Striking it from the record would not strike it from his mind, if he were going to let the fact of insurance influence him. Nor, if the judge erroneously considered the defendant's statement as an admission of liability, was there any prejudice. Defendants' statement that the issue of liability is close is not borne out by the record. The liability of defendants was well established by the testimony, not only of the plaintiff, but of the operator Jane Shults, one of defendants' employees. Defendants' defense, supported by defendant Nissen's own testimony and that of one of the beauty operators, was that, despite due care on the part of the operator, a patron will occasionally be burned. The lower court did not believe, and with reason, that obtaining a ''permanent'' was such a hazardous adventure for a woman.

Defendants rely principally upon the case of *Mason* v. *Wolff*, 40 Cal. 246, for the proposition that any error, if error it was, in the admission of evidence by a court sitting without a jury, must be deemed to be prejudicial. That case was decided before the adoption in 1914 of section 4½ of article VI of the Constitution, which provides: ''No judg-

ment shall be set aside . . . on the ground of . . . the improper admission or rejection of evidence . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." Moreover, the true rule, even before 1914, is well expressed in the concurring opinion of McFarland, J., in *Rogers* v. *Borchard,* 82 Cal. 347, at page 350 [22 P. 907]: "I concur in the judgment, because it appears that the deed erroneously admitted in evidence must necessarily have entered largely into the considerations which moved the court to give judgment for respondent. I do not think that Judge Temple intended to say, or did say, in *Mason* v. *Wolff,* 40 Cal. 249, that a judgment must be reversed for every abstract error committed in ruling upon the admissibility of evidence when the case is tried without a jury; and I fear that the leading opinion in the case at bar might bear that construction. Greenleaf says (vol. 1, § 49) as follows: 'In trials of fact without the aid of a jury, the question of admissibility of evidence, strictly speaking, can seldom be raised; since, whatever be the ground of objection, the evidence objected to must of necessity be read or heard by the judge, in order to determine its character and value. In such cases the only question, in effect, is upon the sufficiency and weight of the evidence.' While this language may state the principle too strongly, still, in my opinion, a judgment in a case tried without a jury should not be reversed for the erroneous admission of one piece of evidence, unless the error shows that the case was tried upon a wrong theory, or appears to have been in some way material, important, and clearly prejudicial to the rights of the losing party." (See, also, *Yates* v. *Morotti,* 120 Cal.App. 710, 721 [8 P.2d 519].)

As said in *C. O. Bashaw Co.* v. *Wood & Stevens,* 72 Cal. App. 94 [236 P. 346], ". . . we have examined the record and are convinced that appellant suffered no material prejudice because of the rulings of the trial court in the admission of testimony." (P. 101.)

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.