[Civ. No. 18229.  Second Dist., Div. Two.  Apr. 6, 1951.]

DOUGLAS C. INGRAM, Respondent, v. JAMES J. HIGGINS, Appellant.

James M. Gammon and William V. Krowl for Appellant.

Francis M. Reiter and Nathan Kline for Respondent.

WILSON, J.—Defendant has appealed from a judgment rendered against him for damages for personal injuries inflicted upon plaintiff.†

†Appellant's brief fails in two particulars to conform with rule 15(a) of Rules on Appeal, in force when brief was filed (22 Cal.2d 12): (1) There are no headings descriptive of the subject matter covered. Headings ''Point I'' etc., do not fulfill the requirements of the rule and are of no assistance to the court. (2) The statement of facts does not contain any reference whatever to the record. (In the new rules which became effective January 1, 1951, (36 Cal.2d 15) rule 15(a) has not been changed.)

Plaintiff is a police officer of the city of Los Angeles. At an early morning hour defendant and a woman companion were traveling eastward on Riverside Drive in Los Angeles. Plaintiff was traveling in the same direction. He was not on duty or in uniform. Defendant was "weaving" from side to side across the highway in an erratic manner. Plaintiff drove alongside defendant's car, showed his police badge and ordered defendant to stop. Defendant did not stop until plaintiff drew a pistol. Plaintiff ordered defendant to get out of his car and when the latter did so he struck plaintiff with a wine bottle and then jumped back into his automobile and drove it against plaintiff causing serious injuries. Plaintiff pursued defendant and with the aid of a citizen arrested him.

Without merit is defendant's contention that the amount of $2,500 for actual damages is excessive. ■ There is no rule governing the award of damages for personal injuries except that the amount shall not be so large as to indicate an abuse of discretion by the trial court. ■ A reviewing court will not interfere unless the judgment is obviously so disproportionate to the injuries received as to justify the belief that it is not the result of cool and dispassionate discretion of the trier of facts. (*Phelps* v. *Arnold,* 112 Cal.App. 518, 520 [297 P. 31].) ■ Plaintiff suffered a severe bruise on his hip and left shoulder, a sacroiliac injury and a displacement of the sacroiliac bone which caused pressure on a nerve. At the time of trial his suffering had not entirely abated and he testified he must lie on his right hip in order to sleep. Plaintiff was treated at the receiving hospital and did not incur any medical bills. He therefore does not make any claim for special damages. He was forced to be absent from his duties for 30 days, thereby losing his vacation. At the end of that period he went back to work but was unable to continue and had to be off duty again, receiving shots and orthopedic treatments. The judgment for actual damages is not excessive.

The court awarded the sum of $1,000 as punitive damages and defendant contends that such allowance is unwarranted. The assaults were unprovoked, wilful and malicious. Defendant had been informed that plaintiff was a police officer and upon alighting from his car, without provocation struck plaintiff on the head with a bottle, knocking him to the ground. As he was attempting to regain a standing position defendant started his car and drove it against plaintiff causing the injuries above related. While defendant was driving erra-

tically on the highway there is no evidence that he was under the influence of intoxicating liquor, hence his effort to avoid the judgment for punitive damages on the ground that he was intoxicated fails. ■ Though there should be a reasonable proportion between the amounts awarded for actual and exemplary damages, discretion is reposed in the trier of facts with regard to the amount allowed as punitive damages which will not be disturbed on appeal unless the sum appears to be excessive. (*Prentice* v. *Zumwalt*, 124 Cal.App. 646, 654 [13 P.2d 379].)

■ Since the evidence shows that the assaults both with the bottle and with the automobile were deliberate, wilful and wanton, the court was justified in rendering a judgment for punitive damages. ■ There is no fixed ratio between actual and exemplary damages that may be awarded. ■ The amount allowed is not excessive.

The record is devoid of any indication that the judgment rendered is the result of passion and prejudice of the trial judge. He did not make a single statement during the trial which would give rise to an inference that he was acting other than as a dispassionate judge should act upon the facts shown by the evidence.

■ In determining the amount that would adequately compensate plaintiff for his injuries and a fair sum to be allowed as punitive damages the court properly considered the current economic conditions, the value of the dollar and its purchasing power. In view of such considerations and of plaintiff's injuries and defendant's conduct the judgment does not appear to be excessive nor to have resulted from passion or prejudice. (*Squires* v. *City of Los Angeles*, 100 Cal.App.2d 708, 714 [224 P.2d 774] ; *Butler* v. *Allen*, 73 Cal.App.2d 866, 870 [167 P.2d 488] ; *Moran* v. *Zenith Oil Co.*, 92 Cal.App.2d 236, 244 [206 P.2d 679] ; *Nason* v. *Leth-Nissen*, 82 Cal.App.2d 70, 73 [185 P.2d 880] ; *Kircher* v. *Atchison, T. & S. F. Ry. Co.*, 32 Cal.2d 176, 187 [195 P.2d 427].)

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.