[Civ. No. 19210.   First Dist., Div. Two.   Oct. 7, 1960.]

JACK J. BRENNER, Respondent, v. C. R. HALEY, Appellant.

Peart, Baraty & Hassard for Appellant.

Charles W. Kieser for Respondent.

McGOLDRICK, J. pro tem.*—This is an appeal by the defendant from a judgment awarding respondent $1,500 compensatory damages and $2,000 exemplary damages. The complaint charged the defendant with wilfully trespassing on the surface of a fence that Brenner had leased, and on six occasions, obliterated the signs that were painted thereon by Brenner, to his total special damage in the amount of $1,800 and for which Brenner prayed for general and exemplary damages. The jury found a verdict in favor of respondent in the sum of $1,500 compensatory damages and $2,000 exemplary damages.

The questions on appeal are:

(1) Whether an illegal lease, the basis of respondent's action, should have prevented him from maintaining an action in trespass.

(2) Whether there was sufficient evidence to support the verdict of $1,500 compensatory damages and $2,000 exemplary damages.

(3) Whether the court ·committed prejudicial error in failing to grant appellant's motion for nonsuit or directed verdict as to several of the causes of action.

Respondent had been renting a fence near Alemany Boulevard and Bayshore in San Francisco and had painted advertisements on it since some time in 1920 or 1921. A Mr. Alexander was the original owner of the property; there was evidence to the effect that a Mr. Mariani became a half interest owner in the fence some time later; however, respondent stated Mr. Mariani acquiesced in his renting of the fence, and received one-half of the rent paid for its use. The use of the fence was uninterrupted until some time after appellant secured the rights to a billboard in the same area, which was contracted out to the West Coast Advertising Company for the maintenance of a Schlitz Beer sign. The evidence clearly reveals that respondent's sign caused appellant trouble and the loss of rental by reason of the West Coast Advertising Company's contention that it was interfering with their advertisement. Appellant applied to the district attorney's office and the Planning Commission of the City and County of San Francisco to take action against respondent on several

*Assigned by Chairman of Judicial Council.

occasions. These complaints were based upon a zoning ordinance which went into effect in October of 1921; one of its provisions banned advertisements of this nature in the area where the fence was located. However, the ordinance contained a provision which exempted nonconforming uses existing at the time it went into effect. All of the appellant's complaints were dismissed. Thereafter, respondent's advertisements on the fence were painted out on 10 occasions. At least two of these occasions appellant admitted the responsibility of painting them out; respondent, however, testified that appellant told him he would continue to paint out the fence. Appellant stated that he had secured a lease from the owners of the fence permitting him to paint the signs out. However, respondent testified that appellant knew of his rights under the lease.

Evidence was introduced by respondent as to appellant's financial status in connection with his prayer for exemplary damages. In this instance, appellant gave conflicting testimony. He also gave conflicting statements concerning his status with the West Coast Advertising Company, *i.e.*, he testified he was not an employee; affixed his signature to a verification of the answer which contained an allegation that he was their employee.

On the question of damages, the evidence revealed that respondent valued his services for painting a fence, the size of the one in question, at $300, while it would cost him $525 to hire someone else to do the job. He also stated that he lost the Calo Dogfood account, which had consisted of signs in 66 locations, after appellant painted out their advertisements on the fence. Appellant's main arguments are grounded to certain bits of favorable evidence which are in conflict on the issues presented. Many of the conflicts arose in appellant's own testimony and he impeached himself on several occasions by contradictory statements.

The trier of facts is the exclusive judge of the credibility of the witnesses and the jury was entitled to disbelieve much or all of appellant's testimony. (*Hicks* v. *Reis*, 21 Cal.2d 654 [134 P.2d 788]). ██ Since the power of the appellate court begins and ends with the determination as to whether there is any substantial evidence, contradictory or not, which will support the conclusion reached by the jury, all conflicts must be resolved in favor of respondent, and all legitimate and reasonable inferences must be indulged in to uphold the verdict if possible. (*Crawford* v. *Southern Pacific Co.*, 3 Cal.

2d 427 [45 P.2d 183]; *Estate of Bristol,* 23 Cal.2d 221 [143 P.2d 689]).

The main point urged on this appeal concerns the zoning regulations which prohibited advertising signs in the area of the fence. Appellant argues that the lease that gave respondent such a right was illegal and therefore void, and hence he could not maintain an action in trespass against appellant for painting out the sign.

Where a contract has as its object the violation of the law, no recovery may be had by either party (*Dunn* v. *Stegemann,* 10 Cal.App. 38 [101 P. 25]) and a party to an illegal contract cannot set up a claim with an illegal contract as its basis (*Smith* v. *California Thorn Cordage, Inc.,* 129 Cal. App. 93 [18 P.2d 393]). The test as to whether a demand connected with an illegal transaction is capable of being enforced is whether the claimant requires the aid of an illegal transaction to establish his case. (*Aaker* v. *Smith,* 87 Cal.App.2d 36 [196 P.2d 150]; *Hooper* v. *Barranti,* 81 Cal. App.2d 570 [184 P.2d 688]).

An action for trespass is based upon an unlawful interference with a present possessory interest. (Prosser, Law of Torts, 2d ed., § 13, p. 58). [ The person in actual possession may maintain an action for trespass; no averment of title is necessary. (*Lightner Mining Co.* v. *Lane,* 161 Cal. 689 [120 P. 771, Ann.Cas. 1913C 1093]; *Alechoff* v. *Los Angeles G. & E. Corp.,* 84 Cal.App. 33 [257 P. 569]).

Whether appellant had a lease to the fence which would require the placing of respondent's prior lease in issue and thus require him to rely upon it is not important in the determination of this appeal since respondent was entitled to maintain an action merely upon his possession and therefore, the judgment based upon trespass is proper.

In connection with appellant's argument that the lease was void or illegal and in violation of the existing zoning ordinance, it must be kept in mind that this ordinance had an exception for nonconforming uses existing at the time the ordinance went into effect. As previously stated, the ordinance went into effect in October of 1921. Respondent testified that he commenced using the fence for signs in 1920 or 1921. Mr. Gill, a city planner, testified that the city listed nonconforming uses existing at the time the ordinance became effective, and that this fence was not on the list. However, the question of whether there was an existing nonconforming use is wholly one of fact for the trial court. (*People* v. *Johnson,* 129 Cal.

App.2d 1 [277 P.2d 45] and *Edmonds* v. *County of Los Angeles*, 40 Cal.2d 642 [255 P.2d 772]). There is substantial evidence to support the inference of the jury that a nonconforming use existed at the time the area was zoned.

The next point urged by appellant relates to the insufficiency of the evidence to sustain the award of $1,500 compensatory damages.      It is elementary that where a party contends that damages awarded are excessive, the judgment will not be reversed unless the award is such as to suggest at first blush, passion, prejudice or corruption on the part of the jury. (*Bond* v. *United Railroads*, 159 Cal. 270 [113 P. 366, Ann.Cas. 1912C 50, 48 L.R.A. N.S. 687] and *Brown* v. *Boehm*, 78 Cal.App.2d 595 [178 P.2d 49]). The respondent valued his services for painting a sign the size of the one in question at $300, the going rate being $525; appellant admitted to painting the advertisement out twice and there is evidence that he said he would continue to paint them out; therefore there is sufficient circumstantial evidence from which it may be inferred that he did it the other four times charged. In addition, respondent stated he lost the Calo Dogfood account, which involved 66 signs, because of appellant's interference with that ad on the fence. This evidence is ample to support the award of compensatory damages.

Appellant next contends that the evidence is insufficient to sustain the award of $2,000 in exemplary damages. Civil Code, section 3294, provides as follows:

"In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or *malice, express or implied,* the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." [Emphasis supplied.]

The evidence relied upon by respondent to sustain this award is predicated upon the conduct of appellant, that is, the painting out of the signs, harassment by solicitation of actions by the district attorney and the city planning commission, all of which were dismissed. This evidence clearly supports a finding of malice in fact.      Moreover, the amounts awarded by the trier of fact for exemplary damages will not be disturbed on appeal unless the sum appears to be excessive or to have resulted from passion or prejudice. (*Ingram* v. *Higgins*, 103 Cal.App.2d 287 [229 P.2d 385]; *Butler*

v. *Allen,* 73 Cal.App.2d 866 [167 P.2d 488].)   Such is not the case here.

Appellant's final contention is that the court committed prejudicial error in failing to grant his motion for a nonsuit or a directed verdict as to the several causes of action. There were six causes of action set forth, each representing an occasion when the sign was painted out.   Appellant argues that he only admitted painting out the sign on two occasions and that there was no evidence connecting him with the other four.   However, the evidence reveals that respondent testified that appellant told him he would keep painting out the signs and this is sufficient circumstantial evidence to warrant an inference by the jury in finding that he painted out the fence on the other four occasions.   The rule announced earlier in the opinion as to substantial evidence applies here.   We find no merit in appellant's final contention.

The judgment is affirmed.

Draper, Acting P. J., and Shoemaker, J., concurred.