**In re Allen Jack GLAZER, Debtor.**

**Allen Jack GLAZER, Appellant and Defendant,**

**v.**

**Evelyn ALLEY, Appellee and Plaintiff.**

**BAP No. NC–81–1313–KEG.**
**Adv. No. 481–0281AH.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued May 21, 1982.

Decided July 14, 1982.

Barry D. Ammon, Oakland, Cal., for appellant and defendant.

Dena R. Thaler, Oakland, Cal., for appellee and plaintiff.

Before KATZ, ELLIOTT and GEORGE, Bankruptcy Judges.

KATZ, Bankruptcy Judge.

Glazer entered Alley's property without her permission and cut off part of a tree. Alley had previously refused to allow Glazer to trim back the tree. The trial court held the damages incurred to be nondischargeable. Glazer appeals on two grounds. First, he claims his debt does not fall within § 523(a)(6), and second, he alleges error in the calculation of damages. We AFFIRM on the issue of nondischargeability and we REVERSE and REMAND on the damages question.

■ Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury." The Legislative History of § 523(a)(6) states that willful means "deliberate or intentional." H.R.Rep. No. 595, 95th Cong., 1st Sess. 363 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 77–79 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787,

5865, 6318. We note that in California an unlawful interference with another's present possessory interest is an intentional tort. *Brenner v. Haley,* 185 Cal.App.2d 183, 8 Cal.Rptr. 224 (1960). *See* 4 Witkin § 350, Summary of California Law, 8th Ed. (1974). Glazer does not deny that his actions were intentional. We find no error in the trial court's finding that he acted willfully and maliciously.

■ Damages for harm caused by wrongful tree cutting must equal full compensation for the harm. *Heninger v. Dunn,* 101 Cal.App.3d 858, 861, 162 Cal.Rptr. 104 (1980). One measure of harm is the decrease in market value and another is the cost of restoration. *Heninger, supra,* at 862, 162 Cal.Rptr. 104. These are alternative theories. Awarding both gives the value of the harm and also the cost of reinstating the status quo ante. This overcompensates. The court below must award one or the other, not both.

Glazer contends the punitive damages were excessive. We disagree. *Heninger* makes it clear that the court can treble damages when the tree cutting was malicious. *Id.* at 867, 162 Cal.Rptr. 104. "[T]he damages to be doubled or trebled ... are those determined by the trier of fact to constitute just compensation within the overall limits of reasonableness, regardless of what specific measure of damages is used." *Heninger,* at 869, 162 Cal.Rptr. 104.

We REMAND for a recalculation of damages. Awarding the lost market value and all the costs of re-creating the benefits of the branches overcompensated Alley. The exemplary damages imposed shall be established in accord with *Heninger.* AFFIRMED in part; REVERSED and REMANDED for calculation of damages.